THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ERNEST WHITE, Appellant.

Second Department, November 24, 1969.

*Lanna, Coppola & Rosato* (*Vincent W. Lanna* and *Peter P. Rosato* of counsel), for appellant.

*Carl A. Vergari, District Attorney* (*James J. Duggan* of counsel), for respondent.

BRENNAN, J.   Upon this appeal from a judgment of conviction for burglary in the second degree and grand larceny in the first degree, the sole issue is whether the defendant was deprived of his right to a speedy trial either under the Constitution of the United States or under the terms of the Interstate Agreement on Detainers (Code Crim. Pro., § 669-b) pursuant to which he was brought into this State for trial.

The facts are not in dispute.   The crimes charged in the indictment were allegedly committed on December 3, 1965.   The indictment was returned on February 10, 1966, at which time

the defendant was incarcerated in the State of Connecticut awaiting trial on a charge of rape. He was tried and convicted on the Connecticut charge and sentenced to a term of imprisonment thereon on. or about June 8, 1966. He was then returned to this State at the request of the District Attorney pursuant to the terms of the Interstate Agreement on Detainers and lodged in the Westchester County Jail on Friday, September 30, 1966; and was arraigned on Monday, October 3, 1966.

On January 28, 1967 the 120-day period within which a prisoner must be tried when brought into this State under the terms of the Interstate Agreement expired. No continuance was ever sought by or granted to the People. Thereafter, on February 15, 1967 the defendant made a motion to suppress evidence. On February 24, 1967 the District Attorney requested and received a two-week adjournment to prepare papers in opposition to the motion. The trial court thereafter marked this case, and another involving the defendant, ready subject to the disposition of the defendant's motion. A hearing on the motion commenced on May 24, 1967 and terminated on June 1, 1967. Thereafter, in June of 1967, the defendant made a motion to dismiss the indictment under the terms of the Interstate Agreement on the ground that 120 days from his arrival in the State had elapsed and trial had not been commenced — nor had any continuance been granted (Code Crim. Pro., § 669-b, subd. 1, art. IV, subds. [c], [e]; art. V, subd. [c]). That motion was denied about six months later, on December 12, 1967, in an omnibus decision which also encompassed the motion to suppress. Trial commenced on January 16, 1968.

The defendant contends that the eight-month delay between his indictment and arraignment and the 23-month delay between the indictment and the trial were prima facie unreasonable and deprived him of his right to a speedy trial and due process of law. In addition, he contends he was absolutely entitled to a dismissal of the indictment under the terms of the Interstate Agreement.

No authority has been cited or found which holds that a delay between indictment and arraignment, however long, is per se a denial of due process. In fact, the complete failure to arraign a defendant is not prejudicial where he pleads guilty or proceeds to trial (*People* v. *Jordan*, 20 A D 2d 583). Of course, inordinate delay between the intermediate steps in the criminal proceeding may contribute to an over-all denial of a speedy trial (cf. *People* v. *Winfrey*, 20 N Y 2d 138). However, in the instant case the defendant arrived in this State on Friday, September 30, 1966, and was arraigned on Monday, October 3, 1966.

He was technically being held for the State of Connecticut under the terms of the Interstate Agreement (see art. V, subd. [d] thereof [Code Crim. Pro., § 669-b, subd. 1]). Accordingly, the arraignment on the following business day was proper.

The defendant's claim that the 23-month delay between the indictment and the trial deprived him of his constitutional right to a speedy trial is similarly invalid. It is undisputed that at the time the Westchester indictment was returned the defendant was incarcerated awaiting trial in Connecticut. He did not become available to the People until he was sentenced in Connecticut on June 8, 1966. (Conn. Gen. Stat., tit. 54, ch. 965, § 54–186 et seq.; Interstate Agreement on Detainers, art. III, subd. [a] [Code Crim. Pro., § 669-b, subd. 1].) Since no juries were summoned in Westchester County during July and August, the People did not initiate proceedings to have the defendant returned until September. In view of the requirement that the prisoner be tried within 120 days of his arrival in the State, it was not unreasonable for the People to decline to bring him into the State during these two months in which he could not be tried.

Thereafter the case lay dormant until the institution of the motion to suppress, a period of some four and one-half months. The People offer no excuse for this period and none is required (*People* v. *Henderson,* 20 N Y 2d 303, 307).

Since the motion to suppress effectively stayed any trial until after determination of the motion, the defendant must shoulder the responsibility for the delay between February 15, 1967 and December 12, 1967. Trial commenced slightly more than a month after the determination of that motion and, under the unusual circumstances disclosed, we are of the opinion that there was no inordinate delay in bringing the defendant to trial.

The defendant's final contention is that the failure of the People to initiate a trial within 120 days after his arrival in the State pursuant to the mandate of the Interstate Agreement on Detainers entitled him to a dismissal of the indictment.

The Agreement on Detainers, currently enacted into law in 15 jurisdictions, was adopted to facilitate programs of prisoner treatment and rehabilitation. Although the early drafts of the Agreement were not specifically designed to guarantee a speedy trial, the Agreement ultimately included this goal as one of the desired ends to be achieved (see *People* v. *Esposito,* 37 Misc 2d 386, 391–393). It is undisputed that the defendant was not tried within the time limits contained in the statute. However, we are of the opinion that the institution of the motion to suppress after the expiration of the statutory time limit but before the motion to dismiss constituted a waiver of the benefits of the

statute. A hearing on a motion to suppress is a part of the trial (*People* v. *Anderson*, 16 N Y 2d 282) and the institution of the motion manifested a clear determination on the part of the defendant to continue to trial.

The terms of the Interstate Agreement place a heavier burden upon the prosecution than the Constitution itself does. The latter mandates a speedy trial. The Agreement requires one within its short time limits unless a continuance be granted on the application of the prosecutor for good cause shown in open court. Under these circumstances it seems perfectly reasonable to require the prisoner to exercise his right promptly and not to contribute to further delay by his own doing. The terms of the Agreement are not self-executing and they require affirmative action on the part of the prisoner (*State of New Jersey* v. *West*, 79 N. J. Super. 379). Just as the constitutional right to a speedy trial may be waived (*People* v. *Prosser,* 309 N. Y. 353), so may the privilege conferred by the Agreement. The evils which the Agreement was meant to remedy are no less present when the delay is occasioned by the prisoner than when occasioned by the prosecution (see N. Y. Legis. Annual, 1957, pp. 40, 42 [Memoranda of Joint Legislative Committee on Interstate Cooperation]). A prisoner not brought to trial within the statutory period may not continue to participate in the proceedings indefinitely and then, at his pleasure, demand and be granted a dismissal of the indictment. We can see no useful social or correctional purpose which would be served by a contrary holding.

Accordingly, the judgment should be affirmed.

BELDOCK, P. J., CHRIST, RABIN and HOPKINS, JJ., concur.

Judgment of the County Court, Westchester County, rendered March 14, 1968, affirmed.