■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD DAVIS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 11, 1974, convicting him of manslaughter in the first degree, after a nonjury trial, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No contention has been raised with respect to the facts upon which the judgment is based. Defendant was arrested on November 17, 1970 for a homicide which had occurred on October 30, 1970. Defendant was arraigned in the New York City Criminal Court and charged with murder. Thereafter the charge was dismissed and defendant was freed from custody. Subsequently, defendant was indicted in 1971 on this charge. On April 19, 1972 defendant was apprehended in California by Federal agents who were looking for him in connection with a Federal charge of bank robbery committed in New York City. The Federal agents interrogated defendant about the State murder charge on two occasions while he was in Federal custody in California. The interrogations were conducted after defendant signed a standard waiver of his *Miranda* rights. Defendant then made inculpatory statements regarding the murder charge. At no time during the interrogations was defendant represented by counsel on the State murder charge, nor was defendant advised by the Federal agents that he had been indicted. Under these circumstances, it is clear that defendant was denied his Sixth Amendment right to counsel; the purported waiver of that right was invalid (see *United States ex rel. Lopez v Zelker,* 344 F Supp 1050, affd 465 F2d 1405, cert den 409 US 1049; *People v Hobson,* 39 NY2d 479; *People v Waterman,* 9 NY2d 561; *People v Santos,* 85 Misc 2d 602). Accordingly, the inculpatory statements made by defendant to the Federal agents must be suppressed and a new trial ordered. Cohalan, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL ENGELSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered November 26, 1975, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. Judgment affirmed. Appellant's contention that the judgment should be reversed and the indictment dismissed pursuant to CPL 580.20 (art III, subd [d]; art IV, subd [e]) is without merit in view of the undisputed fact that he was returned to his original State of incarceration pursuant to his own request. In view of the strong case against appellant, any errors that occurred in passing upon his request to bar cross-examination regarding his prior record must be deemed harmless (see *People v Crimmins,* 36 NY2d 230). Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.