■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v REGGIE WEINBERG, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County, dated February 2, 1977, which granted defendant-respondent's oral motion to dismiss the indictment on the ground that he had been denied a speedy trial. Order reversed, on the law, motion denied, and indictment reinstated, without prejudice to renewal of the motion upon compliance with CPL 210.45. A motion pursuant to CPL 210.20 to dismiss an indictment for failure to grant a defendant a speedy trial must be made in writing and upon reasonable notice to the People (CPL 210.45; *People v Ryan,* 42 AD2d 869). Hopkins, J. P., Latham, Margett and Suozzi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, ex rel. EDMUND WILLIAMS, Appellant, v WALTER FOGG, as Superintendent of the Green Haven Correctional Facility, Respondent.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated November 9, 1976, which dismissed the petition. Judgment affirmed, without costs or disbursements. On the facts in this case, the appellant's jail time was correctly calculated pursuant to subdivision 3 of section 70.30 of the Penal Law. Appellant's good behavior credit is limited by paragraph (a) of subdivision 4 of that same section, and may not exceed one third of his aggregate maximum term. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent v RONALD LORENZO GRIMES, Appellant.—Four judgments of the County Court, Suffolk County (Indictment Nos. 1159-73, 1196-73, 1207-73 and 1236-73), all rendered December 3, 1975, affirmed (see CPL 470.05, subd 1). Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

## (October 12, 1977)

■ LEONARD F. DAKIN, Respondent, v HENRY E. GROSSMAN et al., Appellants.—On the court's own motion, its decision dated May 31, 1977 [57 AD2d 941], is amended by striking from its fourth decretal paragraph the words "Plaintiff is" and by substituting therefor the words "Defendants are" so that the sentence now reads "Defendants are awarded one bill of costs to cover both appeals." Order also dated May 31, 1977 entered on said decision amended accordingly. Martuscello, J. P., Cohalan, Damiani and Titone, JJ., concur.