THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNN J. PRIMMER, Also Known as GLEN J. JOHNSON, Appellant.

Third Department, November 3, 1977

*Jack R. Lebowitz* for appellant.

*Daniel T. Smith, District Attorney,* for respondent.

LARKIN, J. On this appeal defendant claims that he was denied his right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution. His primary argument is based upon the Uniform Interstate Compact on Detainers, which is set forth in section 580.20 and provides, in part, as follows (CPL 580.20, art III, subd [a]):

"Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be

brought to trial within one hundred eighty days *after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment,* information or complaint; provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. *The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner,* stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner" (emphasis supplied).

Texas is also a signatory to the compact.

Defendant was indicted by a Warren County Grand Jury on October 24, 1973 in an eight-count indictment, charging such crimes as various degrees of burglary and larceny and criminal possession of a dangerous weapon. Thereafter respondent made concerted efforts to locate and secure custody of defendant for prosecution. At various times it was ascertained that he was in the custody of the Sheriffs of Broward and Hillsborough Counties in Florida and Botetourt and Henrico Counties in Virginia. Although defendant alleges that he remained unaware of the respondent's indictment during the course of these various incarcerations, it is clear that a Warren County detainer had been lodged against him as soon as his whereabouts were established and followed him in his travels.

Defendant thereafter was taken into custody of the Houston Police Department in Harris County, Texas. After considerable further efforts by respondent to locate defendant, verification was received on March 22, 1976 that he was in the custody of the Texas Department of Corrections at Huntsville, Texas. On April 2, 1976 respondent requested documentary evidence of such custody so that application could be made for a Governor's warrant of extradition. Defendant's claim under CPL 580.20 arises from a letter, dated April 9, 1976, forwarded by the office of the Staff Counsel for Inmates of the Texas Department of Corrections.

The April 9, 1976 letter, addressed to the respondent's District Attorney, advised of defendant's incarceration and

minimum discharge date and requested a withdrawal of the detainer or, in the alternative, a trial date. Because defendant was not brought to trial in Warren County until December 16, 1976, when he entered his plea as aforesaid, some eight months after the said letter, he claims that the 180-day provision of CPL 580.20 was violated. As pointed out by respondent, however, despite the fact that defendant was represented by Texas counsel, he failed in several critical respects to meet the statutory requirements: (1) the letter he relies upon was not delivered to "the appropriate court of the prosecuting officer's jurisdiction" (CPL 580.20, art III, subd [a]); (2) no "certificate of the appropriate official having custody of the prisoner" (id.) was ever forwarded; and, (3) the letter was not forwarded by registered or certified mail as required by the statute (CPL 580.20, art III, subd [b]).

In *People v White* (33 AD2d 217, 221), the Appellate Division, Second Department, considering a further time limitation contained in the predecessor statute to CPL 580.20 that a trial be commenced within 120 days after the arrival of the prisoner in the receiving State (Code Crim Pro, § 669-b, subd 1, art IV, subds [c], [e]; now CPL 580.20, art IV, subds [c], [e]) stated: "The terms of the Agreement are not self-executing and they require affirmative action on the part of the prisoner". In our view the failure of defendant and his Texas counsel to meet the requirements of CPL 580.20 as set forth above, amounted to a waiver of his rights under the statute. Even more significant than this failure by defendant to take proper "affirmative action" under the statute, however, is the fact that he entered the guilty plea now in issue on this appeal. In *People v White (supra)*, the defendant had made a suppression motion after the expiration of the 120-day period and before his motion to dismiss for failure to comply with the statutory period. The court found (p 221) the hearing on the motion to suppress to be a part of the trial and that "the institution of the motion manifested a clear determination on the part of the defendant to continue to trial * * *. A prisoner not brought to trial within the statutory period may not continue to participate in the proceedings indefinitely and then, at his pleasure, demand and be granted a dismissal of the indictment".

In the instant case, after the alleged expiration of a similar statutory period contained in CPL 580.20, defendant pleaded guilty to one count of the said indictment. Surely, this

amounted to participation in the proceedings to an even greater degree than the making of the suppression motion in *People v White (supra).* Further although represented by counsel at the time of his plea, unlike the situation in *People v White (supra),* he did not raise the CPL 580.20 claim below, but rather waited until this appeal. Surely this amounts to an even more telling example of a waiver of his rights under the statute than that present in *People v White (supra).* (See, also, *People v Cranmer,* 55 AD2d 786.)

The judgment should be affirmed.

Greenblott, J. P., Kane and Main, JJ., concur; Herlihy, J., not taking part.

Judgment affirmed.