THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL GUTIERREZ, Appellant.—Appeal by defendant from three judgments of the Supreme Court, Kings County, each rendered June 7, 1978, convicting him of criminal sale of a controlled substance in the second degree (two counts) and criminal sale of a controlled substance in the third degree, upon pleas of guilty, and imposing sentences. Three judgments affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606). Damiani, J. P., Gulotta, Martuscello and O'Connor, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MACK, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 9, 1979, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. By order dated May 12, 1980, this court remitted the case to Criminal Term to hear and report on defendant's motion to withdraw his plea, and the appeal has been held in abeyance in the interim *(People v Mack,* 75 AD2d 858). Criminal Term has complied and rendered a report in accordance therewith. Judgment affirmed. No opinion. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM A. PALUMBO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 5, 1979, convicting him of robbery in the second degree and criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. The record fails to show that the provisions of the agreement on detainers contained in CPL 580.20 were violated. In any event, defendant's failure to raise any issue in regard thereto at Criminal Term constitutes a waiver (cf. *People v Primmer,* 59 AD2d 221, affd 46 NY2d 1048). We have examined defendant's other contentions and find them to be without merit. Damiani, J. P., Gulotta, Martuscello and O'Connor, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MELVIN RIVERA and MARIA VEGA, Respondents.—Appeal by the People from an order of the Supreme Court, Kings County, entered March 3, 1980, which granted defendants' oral motion to dismiss the indictment on the ground that they had been denied a speedy trial. Order reversed, on the law, motion denied and indictment reinstated, without prejudice to renewal of the motion upon compliance with CPL 210.45, and if new facts are alleged. A motion pursuant to CPL 210.20 to dismiss an indictment for failure to grant defendant a speedy trial must be made in writing (CPL 210.45; *People v Weinberg,* 59 AD2d 727). Had we reached the merits we would have denied the motion. Hopkins, J. P., Titone, Margett and Weinstein, JJ., concur.