OPINION OF THE COURT
Albert M. Rosenblatt, J.
On March 13, 1980, the relator, then a State prisoner in Massachusetts, filed a “Form 2” request for disposition of indictments with the Albany County New York District Attorney’s Office, pursuant to the Uniform Agreement on Detainers (CPL 580.20). He was brought to New York on May 7,1980, and on May 8,1980 entered a plea of guilty to criminal possession of a forged instrument, second degree, to cover a three-count Superior Court information. After a Probation Department interview, the petitioner was returned to Massachusetts on May 8, 1980, and returned to Albany County for sentencing on May 22, 1980. He was sentenced to 0 to 4 years, to run concurrently with any outstanding sentence.
The relator, having been returned to New York to complete his New York sentence on March 20, 1981, now brings this habeas corpus proceeding, seeking to have his Albany County conviction declared void, on the ground that New York officials returned him to Massachusetts *735 custody between the time of his guilty plea and his sentence.
The petitioner claims that his conduct violates the agreement on detainers: “If trial is not had on any indictment, information or complaint contemplated hereby prior to the * * * prisoner’s being returned to the original place of imprisonment *** such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.” (CPL 580.20 [art 3 (d), art 4 (e)].)
Petitioner relies on the District Court decision in Walker v King (448 F Supp 580). Although acknowledging that the Uniform Act on Detainers does not define the word “trial” as used in this section, that court held that the term “trial” should be read to include sentence. Under this holding postplea return to the sending State will vitiate the receiving State’s prosecution.
While this court has found no controlling New York decisions on the interpretation of this section of the act, the appellate courts of Michigan have considered this issue and declined to follow Walker (supra). (People v Barnes, 93 Mich App 509; People v Housewright, 83 Mich App 346.)
Based upon an examination of the history of the act, and its plain language, this court feels compelled to hold that a return to the sending State after a guilty plea, pending sentence, does not violate the agreement on detainers.
First, the plain language of the uniform agreement uses the word “trial” — the phase of criminal proceedings where guilt or innocence is adjudicated — rather than “final disposition” or “sentence” — the phase where punishment is imposed. Secondly, the sanctions imposed by the act for noncompliance speak only to dismissal of the pretrial accusatory instruments. Had Congress intended that an accused must remain in the receiving State until sentence was pronounced, it would undoubtedly have expressed this intent either by including the term “sentence” in the act, or by providing that a guilty plea or conviction based on verdict would be deemed a nullity if the accused were returned to the sending State prior to sentence.
Moreover, in a case where the detainer proceedings have been expeditious, and the time lapse between plea and *736 sentencing is reasonable, there is no violation of the policy of the act in a return to the sending State pending sentence. This was a fully bargained guilty plea where the maximum sentence was admittedly known to the defendant at the time of his plea. The petitioner was returned to the sending State for only 14 days before being sentenced.
Since the court finds that there was no violation of the act, it does not find it necessary to address respondent’s claim that any violation was waived by petitioner in his “consent to return for sentencing” sworn to on May 19, 1980. It might be noted, however, that a violation of the agreement may be waived. (See People v White, 33 AD2d 217; People v Primmer, 59 AD2d 221, affd 46 NY2d 1048.)
Accordingly the writ is dismissed.