■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH VIDAL, Appellant. — Appeal by defendant from a judgment of the Supreme Court,

Kings County (McShane, J.), rendered March 9, 1977, convicting him of criminal sale of a controlled substance in the second degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. The defendant contends that his motion to dismiss Indictment Nos. 599/74 and 600/74 was not decided and thus was denied *sub silentio*. The said *pro se* motion to dismiss the indictments was in fact submitted to Criminal Term, Part I, on February 24, 1977 by the Legal Aid Society, the same date that defendant's change of plea was entered, and the order of Criminal Term (Cooper, J.), dated March 2, 1977, denied defendant's motion. Defendant's failure to raise the issue included in said motion at the time of his plea or at the time of his sentence constituted a knowing waiver of his right to assert the alleged violation of the Interstate Agreement on Detainers (see CPL 580.20). In any event, violation of the agreement on detainers, even if established, is not a jurisdictional defect which may survive a guilty plea (*People v Palumbo*, 78 AD2d 684; *People v Primmer*, 59 AD2d 221, affd 46 NY2d 1048). In addition, the record fails to support any violation of the agreement on detainers. None of the jurisdictions wherein indictments were pending utilized the provisions of the Interstate Agreement on Detainers prior to November 10, 1976, the date the defendant was voluntarily surrendered to the Federal authorities by the State of New York (cf. *United States v Mauro*, 436 US 340). Cohalan, J. P., O'Connor, Thompson and Bracken, JJ., concur.