OPINION OF THE COURT
Seymour Rotker, J.
The defendant pro se moves for an order to set aside his July 13, 1983 conviction for attempted kidnapping in the second degree committed in Queens County and to dismiss the indictment.
The defendant alleges he appeared before Honorable Bruce Levin in Dade County Court, Florida, on April 15, 1982 where the Judge accepted his signing of extradition papers and, therefore, the County of Queens indictment No. 1206/82 must be dismissed as he was not brought to trial within the 180-day period mandated by CPL 580.20, article III (Agreement on Detainers).
A review of the court file shows that indictment No. 1206/82 was filed in Supreme Court, Queens County, on April 23,1982, charging the defendant with the crimes of kidnapping in the first degree; sodomy in the first degree (two counts); unlawful imprisonment in the first degree; and endangering the welfare of a child on or about June 30, 1981.
When the warrant was issued under indictment No. 1206/82, the defendant was incarcerated in Dade County, Florida, facing prosecution for grand larceny and forgery. The defendant was convicted and sentenced to two years’ imprisonment on July 12, 1982.
*35 On August 19, 1982, the People filed a request for temporary custody of the defendant pursuant to the Interstate Agreement on Detainers (CPL 580.20).
In response to the People’s request, the defendant signed a “Waiver of Extradition” which was dated October 7, 1982, but received by the People on November 5, 1982.
On October 24,1982, the defendant, while still incarcerated in the State of Florida, moved pro se in Queens County for dismissal of the indictment alleging the People’s failure to bring him to trial within the 180 days of the alleged signing of the “Waiver of Extradition” on April 19, 1982.
On November 16, 1982, the Honorable Cornelius O’Brien denied the defendant’s motion without prejudice to renew stating, in part, “the defendant’s affidavit fails to sufficiently establish proper written notice on his part, in accordance with the * * * statute (CPL 580.20) and the date of any such written notice.”
The defendant was returned to Queens County and was arraigned on indictment No. 1206/82 on December 7, 1982. On June 1,1983, the defendant pleaded guilty to attempted kidnapping in the second degree and was sentenced to three to nine years’ incarceration on July 13, 1983.
It is apparent from the defendant’s allegations that he is equating the signing of a waiver of extradition as a functional equivalent of the requirements of the Interstate Agreement on Detainers (CPL 580.20). According to the provisions of CPL 580.20, the defendant must have received his sentence in the State where he is being detained before the provisions of this section become applicable (People v Lublin, 62 AD2d 1022; People ex rel. Albuequrque v Ward, 116 Misc 2d 634).
Even if such waiver of extradition acted as the functional equivalent of notice (CPL 580.20, art III), at that time, defendant was not sentenced in the State of Florida.
A violation of the agreement on detainers, even if established, is not a jurisdictional defect which may survive a guilty plea (People v Palumbo, 78 AD2d 684; People v Primmer, 59 AD2d 221, affd 46 NY2d 1048).
“Defendant’s failure to raise the issue included in said motion at the time of his plea or at the time of his sentence constituted a knowing waiver of his right to assert the alleged violation of the Interstate Agreement on Detainers”. (People v Vidal, 85 AD2d 701, 702.)
*36 Furthermore, the defendant did not appeal from his conviction to the Appellate Division, Second Department.
CPL 440.10 (2) (c) states, in pertinent part:
“the court must deny a motion to vacate * * * when * * *
“Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant’s unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him”.
Based on the foregoing, the defendant’s motion to set aside his conviction and to dismiss the indictment is denied in all respects.