■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY FARGHER, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Saratoga County (Brown, J.), rendered September 12, 1983, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

In January 1982, defendant was charged by a Saratoga County Grand Jury in separate indictments with robbery and attempted robbery, both in the first degree. A detainer warrant was lodged against him on February 18, 1982 in Maryland, where he was incarcerated. On September 23, 1982, defendant properly provided the papers required by the interstate agreement on detainers (CPL 580.20) for disposition of the charges pending in Saratoga County. On November 24, 1982, defendant was arraigned in Saratoga County. It is conceded that from January to July 1983, he was twice moved between New York and Maryland without appearing in court. On September 12, 1983, defendant appeared for trial in Saratoga County and entered a plea of guilty to robbery in the first degree in satisfaction of the charges in both indictments. He was then sentenced to 3 to 6 years' imprisonment. This appeal followed.

There should be a reversal and a dismissal of the indictments. Defendant's rights under the interstate agreement on detainers (CPL 580.20) were violated. Defendant provided the necessary written notice and papers (CPL 580.20, art III [a]) on September 23, 1982. He was not brought to trial until September 12, 1983, more than the 180-day period for doing so under the agreement (CPL 580.20, art V [c]). Even crediting

the People's contention that the 74 days between defendant's arraignment and County Court's decision on his pretrial motions must be excluded, it is apparent that defendant's right to a trial within 180 days was still violated (*see, People v McBride,* 44 NY2d 1001, 1002). No continuance pursuant to CPL 580.20, article III (a) was granted.

Additionally, defendant's return to Maryland after his arraignment in Saratoga County (*see,* CPL 580.20, art III [d]) is another ground requiring dismissal of the indictments. The People's argument that defendant may have been returned to Maryland at his own request (*see, People v Engelson,* 55 AD2d 960) is mere speculation without any foundation in the record.

We also reject the People's contention that defendant has failed to preserve the issue of compliance with CPL 580.20 for appellate review. Defense counsel raised the issue regarding the violation of defendant's rights under this provision prior to County Court's acceptance of his plea of guilty, and defense counsel was twice assured by County Court that a guilty plea would have no effect on defendant's right to appeal the issue (*but see, People v Primmer,* 59 AD2d 221, *affd* 46 NY2d 1048). Defendant's guilty plea can in no way be construed as a knowing and voluntary waiver of his rights under CPL 580.20. This court will, therefore, in the exercise of its discretion and in the interest of justice, reverse the judgment of conviction and dismiss the indictments with prejudice.

In view of the disposition reached on the foregoing issue, we do not reach defendant's other contentions of error.

Judgment reversed, as a matter of discretion in the interest of justice, and indictments dismissed. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.