■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DUANE QUAMINA, Respondent.—Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Monroe County Court for further proceedings on the indictment. Memorandum: County Court erred in granting defendant's motion to dismiss the indictment on the ground that his rights pursuant to CPL 580.20 (IV) (e), the Interstate Agreement on Detainers (IAD), were violated. Defendant was returned at his request to the Federal correctional facility (FCF) located in Danbury, Connecticut, the original place of his imprisonment, prior to the trial on the indictment pending in Monroe County Court. Upon our consideration of all the relevant circumstances *(see, People v Torres,* 60 NY2d 119, 124-125), we conclude that, in making the request that he be returned to the FCF, defendant waived his right to assert a

violation of article IV (e) of the IAD *(see, People v Engelson,* 55 AD2d 960; *see also, United States v Ford,* 550 F2d 732, 742, *affd sub nom. United States v Mauro,* 436 US 340; *United States v Scallion,* 548 F2d 1168, *cert denied* 436 US 943). The fact that defendant's request that he be returned to the FCF was prompted by erroneous information provided to him by a representative of the United States Parole Commission does not attenuate the circumstance that the request was granted on defendant's application. Moreover, when the facts became known to defendant and his attorney, prior to the defendant's return to Federal custody, neither of them disclosed that information to the Monroe County Sheriff transport officers, the Monroe County Court or the District Attorney. Finally, defendant's argument that he refrained from disclosing that information to the Monroe County authorities because a United States parole official told him that he would not again be accepted at the FCF until his pending Monroe County indictment was resolved is unpersuasive. Indeed, the fact that thereafter, and while the Monroe County indictment was still pending, the FCF accepted custody of defendant, undercuts that argument. (Appeal from Order of Monroe County Court, Kepner, J.—Dismiss Indictment.) Present—Doerr, J. P., Boomer, Green, Lawton and Davis, JJ.