# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JEFFREY D. STONEBRAKER**
Clark County Chief Public Defender
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**HENRY A. FLORES, JR.**
Deputy Attorney General
Indianapolis, Indiana

FILED

Feb 22 2013, 9:22 am

*[signature]*

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NATHAN CARL GILBERT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 10A05-1204-CR-220 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLARK CIRCUIT COURT
The Honorable Vicki L. Carmichael, Judge
Cause No. 10C04-0905-FB-132

**February 22, 2013**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Nathan Gilbert appeals his convictions of and sentences for four counts of Class B felony burglary.[1]   He presents two issues for our review:

1.  Whether the trial court erred when it denied Gilbert's motion to dismiss based on alleged violation of his rights under the Interstate Agreement on Detainers (IAD); and

2.  Whether the manner in which the trial court conducted Gilbert's sentencing hearing violated his Fourteenth Amendment right to due process.

We affirm in part, reverse in part, and remand.

### FACTS AND PROCEDURAL HISTORY[2]

On May 5, 2009, while Gilbert was serving a sentence in Kentucky, the State of Indiana charged him with four counts of Class B felony burglary.  Consistent with the IAD, Gilbert was returned to Indiana to resolve the burglary charges in accordance with the IAD, which provides:

> The contracting states solemnly agree that:
> Article I
> The party states find that charges outstanding against a prisoner, detainers based on untried indictments, informations, or complaints, and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation.  Accordingly, it is the policy of the party states and the purpose of this agreement to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints.  The party states also find that proceedings with reference to such charges and detainers, when emanating from another jurisdiction, cannot properly be had in the absence of cooperative procedures.  It is the further purpose of this agreement to provide such cooperative procedures.

---

[1] Ind. Code § 35-43-2-1(1).
[2] We heard an oral argument on December 12, 2012, at the Ivy Tech campus in Sellersburg, Indiana.  We thank Ivy Tech for hosting the oral argument and commend counsel on their presentations.

Ind. Code § 35-33-10-4. Gilbert pled guilty to all four counts on January 9, 2012. The trial court accepted Gilbert's pleas, ordered the preparation of a pre-sentence investigation report, and scheduled Gilbert's sentencing hearing for February 21.

At some point prior to the sentencing hearing, Gilbert was returned to Kentucky and his sentencing hearing did not occur as scheduled. On February 24, Gilbert filed a motion to dismiss the Indiana charges against him pursuant to the "anti-shuffling" provision of the IAD, which states in relevant part:

> (e) If trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to Article 5 (e) hereof, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

Ind. Code § 35-33-10-4, Art. IV(e). After a hearing, the trial court denied Gilbert's motion to dismiss and rescheduled his sentencing hearing for March 27. Gilbert's counsel filed a motion to continue the sentencing hearing, and the trial court then rescheduled sentencing for April 16.

In the meantime, seemingly unbeknownst to counsel or the trial court, the Governors' offices of Indiana and Kentucky were in communication about Gilbert's situation. On March 21, the Governor of Kentucky approved a request from the Governor of Indiana to return Gilbert to Indiana for sentencing, and Kentucky returned Gilbert to Indiana on March 28 for a forty-eight hour period. The trial court immediately convened a sentencing hearing. Gilbert's counsel of record, Niles Driskell, was on vacation March 28, so the trial court

3

contacted another local attorney, Christopher Sturgeon, to represent Gilbert at the sentencing hearing.

At the hearing, Sturgeon objected to the timing of the proceedings, noting he had received notice of the hearing only one day before and asserting he did not have enough time to prepare. Gilbert argued he was denied certain due process protections because he was not given adequate notice of the sentencing hearing and could not present witnesses, review the statements made in the pre-sentence investigation report or prepare for the hearing.

Over Gilbert's objections, the trial court held the sentencing hearing, saying, "I do feel constrained by the executive order that indicates that Mr. Gilbert needs to be returned to Kentucky by this afternoon and so, I am going to go forward with the sentencing today." (Tr. at 29.) The trial court sentenced Gilbert to four consecutive ten-year sentences for each count of burglary, with ten years suspended. The trial court ruled five of the suspended years were to be served through community corrections or a similar program, and five years served on probation. The trial court then advised Gilbert he could file a motion to reconsider the sentence within two weeks. Gilbert did not do so, and this appeal ensued.

## DISCUSSION AND DECISION

1. Interstate Agreement on Detainers

When indicted in Indiana for these four counts of Class B felony burglary, Gilbert was incarcerated in Kentucky. As the proceedings were subject to the provisions of the IAD, the denial of a motion to dismiss is a question of law reviewed *de novo*. *Conn v. State*, 831 N.E.2d 828, 830 (Ind. Ct. App. 2005), *trans. denied*. Gilbert argues dismissal was required

4

because the proceedings violated the "anti-shuffling" provision of the IAD when he was returned to Kentucky after he entered a plea of guilty to the charges against him, but before the trial court accepted that plea and sentenced him. Therefore, Gilbert asserts, the issue on appeal is "whether the term 'trial' in the IAD anti-shuffling provisions includes entering judgments of convictions and sentencing." (Br. of Appellant at 12.) This specific issue appears to be one of first impression in Indiana.

Gilbert acknowledges most jurisdictions have held the IAD's anti-shuffling provision is not violated when a defendant is transferred back to the state of origin after pleading guilty but prior to sentencing. For example, the Maryland Court of Special Appeals held:

> But the term "trial" in Article III, as well as in Article IV, does not encompass sentencing. If it did, then the anti-shuffling provision of Article III, as well as of Article IV, would have addressed, we can assume, unsentenced convictions, as it does "untried indictments, informations, or complaints." It does not, and thus we conclude that a "trial," for the purposes of the IAD, refers to the resolution of charges and not necessarily to the imposition of sentence.

*Painter v. State*, 848 A.2d 692, 703 (Md. Ct. Spec. App. 2004). *See also United States v. Coffman*, 905 F.2d 330, 333 (10th Cir. 1990) (holding sentencing not included in the term "trial" because "[t]ransferring a prisoner after trial but before sentencing does not implicate the prisoner rehabilitation concerns animating the IAD to the same degree as pre-trial transfers"). *And see State v. Lewis*, 422 N.W.2d 768, 772 (Minn. Ct. App. 1988) (anti-shuffling provision of the IAD not violated when Lewis was returned to federal prison pending sentencing on state charge); and *People ex rel. Harrist v. Dalsheim*, 442 N.Y.S.2d 906, 907 (N.Y. Sup. Ct. 1981) (anti-shuffling provision of the IAD not violated when Harrist

5

returned to Massachusetts prison after pleading guilty to New York charge but before sentencing).

The instant case is similar to *People v. Barnes*, 287 N.W.2d 282 (Mich. Ct. App. 1980). Barnes was simultaneously charged in federal and state jurisdictions with delivery of heroin. He entered a plea of guilty in federal court prior to his trial in state court, and he was incarcerated in the federal penitentiary in Michigan. Barnes was later returned to state court, where he pled guilty, but then was returned to the federal penitentiary prior to being sentenced for the state charge. Barnes appealed his conviction and sentence, claiming his return to the federal penitentiary prior to his sentencing hearing on the state charge violated the anti-shuffling provision of the IAD. The Michigan Court of Appeals rejected his argument:

> The penalty set forth in Article IV(e) for violation of the statute is that "such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." This language suggests that Congress only intended to include pre-conviction proceedings. Otherwise Congress would have included in the penalty clause language that the conviction or the sentence be vacated. Once a guilty verdict is returned or a guilty plea accepted, the instruments referred to in Article IV(e), ("indictment, information or complaint") are no longer viable functioning documents. Realistically, the conviction discharges the instrument. Thus, we believe Congress intended the "trial" to end when a conviction was entered or a plea was accepted and did not intend to include post-conviction proceedings within the detainer statute.

*Id*.

Gilbert argues his case is distinguishable from those decisions that hold the IAD's anti-shuffling provision is not violated when a defendant is transferred back to the state of

6

origin after pleading guilty but prior to sentencing, because the alleged violations of the IAD occurred after his guilty plea, but before the trial court entered a judgment of conviction. At the guilty plea hearing, the trial court took the pleas under advisement, ordered a Pre-Sentence Investigation, and set sentencing for February21, 2012. It entered a judgment of conviction on March 28, 2012, the same day as the rescheduled sentencing hearing. Gilbert argues because the trial court did not accept his guilty pleas and enter a judgment of conviction at the time of his guilty plea hearing, the proceedings were still subject to the anti-shuffling provision of the IAD and the charges against him should have been dismissed.

However, as Gilbert himself points out, while a judge may reject a guilty plea, *see Snyder v. State,* 500 N.E.2d 154, 157 (Ind. 1986) (trial court may reject defendant's guilty plea in the exercise of sound discretion), "this is not as likely when a defendant enters blind pleas[3] compared to a plea agreement whose terms the court might not wish to accept." (Reply Br. of Appellant at 6) (footnote added). Ind. Code § 35-35-1-2 requires:

> (a) The court shall not accept a plea of guilty or guilty but mentally ill at the time of the crime without first determining that the defendant:
>> (1) understands the nature of the charge against the defendant;
>> (2) has been informed that by the defendant's plea the defendant waives the defendant's rights to:
>>> (A) a public and speedy trial by jury;
>>> (B) confront and cross-examine the witnesses against the defendant;
>>> (C) have compulsory process for obtaining witnesses in the defendant's favor; and
>>> (D) require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself or herself;

---

[3] A "blind plea" is a "guilty plea made without the promise of a concession from either the judge or the prosecutor." Black's Law Dictionary 1171 (7th ed. 1999).

(3) has been informed of the maximum possible sentence and minimum sentence for the crime charged and any possible increased sentence by reason of the fact of a prior conviction or convictions, and any possibility of the imposition of consecutive sentences;

(4) has been informed that the person will lose the right to possess a firearm if the person is convicted of a crime of domestic violence (IC 35-31.5-2-78); and

(5) has been informed that if:

    (A) there is a plea agreement as defined by IC 35-31.5-2-236; and

    (B) the court accepts the plea;

the court is bound by the terms of the plea agreement.

The record indicates the trial court advised Gilbert of the rights he waived by pleading guilty. Gilbert pled guilty without the benefit of a plea agreement, and the trial court indicated at the hearing that it accepted Gilbert's pleas. Therefore, there was nothing left to do in the case except to sentence Gilbert.

We adopt the reasoning followed by a majority of state and federal jurisdictions and hold Gilbert was no longer subject to an "untried indictment" because he had pled guilty.[4] As the only matter left for the trial court to decide was Gilbert's sentence, the IAD's anti-shuffling provision was not violated when Gilbert was returned to Kentucky after his guilty plea but before sentencing.

2.    <u>Sentencing</u>

Gilbert also argues he should be resentenced because his due process rights were violated when he was not given adequate notice of his sentencing hearing and could not

---

[4] In adopting the position of the majority of jurisdictions, we reject the holding in *Tinghitella v. California*, 718 F.2d 308, 311 (9th Cir. 1983), in which the Ninth Circuit Court of Appeals held sentencing to be part of the defendant's trial and subject to the provisions of the IAD.

adequately review his pre-sentence investigation report.[5] "Before sentencing a person for a felony, the court must conduct a hearing to consider the facts and circumstances relevant to sentencing. The person is entitled to subpoena and call witnesses and to present information in his own behalf." Ind. Code § 35-38-1-3.

Gilbert was returned to Indiana for a forty-eight hour period and had less than twenty-four hours notice of his sentencing hearing. During the forty-eight hours before the hearing, Gilbert submitted to the pre-sentence investigation. Neither Gilbert nor his counsel saw the pre-sentence investigation report until the day of the sentencing hearing. They had only a few minutes during the hearing to review the report. Ind. Code § 35-38-1-12(b) states in relevant part, "The court shall furnish the factual contents of the presentence investigation or a copy of the presentence report sufficiently in advance of sentencing so that the defendant will be afforded a fair opportunity to controvert the material included."

Because Gilbert's stay in Indiana was so short, his due process rights were violated because he did not have enough time to prepare for his sentencing hearing or to properly examine his pre-sentence investigation report. Therefore, we remand to the trial court for resentencing.[6]

---

[5] Gilbert also asserts he was denied his constitutional right to counsel at sentencing when the trial court required a new lawyer assist him at sentencing with less than forty-eight hours notice. Because we reverse his sentencing for due process violations, we need not determine whether he also was denied his right to counsel at sentencing. *See Sheron v. State*, 682 N.E.2d 552, 553 (Ind. Ct. App. 1997) ("As a matter of jurisprudence, courts will not decide constitutional issues when a case can be decided on other grounds.").

[6] While we remand for resentencing, we acknowledge the constraints the trial court faced by virtue of the actions of the Kentucky and Indiana executive branches independent of the litigation. The record reflects the trial court performed to the best of its ability under the circumstances, and our decision is not a reflection on the trial court's fairness or capability. It is instead meant to right a procedural wrong that was beyond the trial court's control.

**CONCLUSION**

Gilbert's return to Kentucky following his guilty plea hearing but before his sentencing hearing did not violate the IAD anti-shuffling provision because sentencing is not included in those parts of criminal proceedings protected as part of the IAD; we therefore affirm Gilbert's convictions of four counts of Class B felony burglary. However, Gilbert's due process rights were violated because he did not have enough time to examine his pre-sentence investigation report, call witnesses, or otherwise prepare for his sentencing hearing. We accordingly reverse his sentences and remand to the trial court for resentencing.

Affirmed in part, reversed in part, and remanded.

BAKER, J., and NAJAM, J., concur.