James W. Bailey, J.
Relator through the medium of a writ of habeas corpus seeks an order releasing him from custody. The basis of his present commitment is that he is alleged to be a fugitive from justice from the Commonwealth of Massachusetts for a crime allegedly committed by relator in the Brighton District of Boston, Massachusetts on the 19th day of December, 1957, following which an indictment was returned on January 6, 1958, accusing relator of the commission of said crime. Subsequently and on January 16, 1958 relator was arrested in East Providence, Rhode Island and in accordance with a request of the Governor of Massachusetts, the Governor of the State of Rhode Island issued a warrant for the extradition of relator to Massachusetts and relator was arrested and placed in the custody of the Police Department of the City of East Providence in the State of Rhode Island.
As a result of the relator’s incarceration as aforesaid a writ of habeas corpus was obtained on behalf of relator returnable in the Superior Court of Rhode Island wherein it was alleged that he was held unlawfully inasmuch as he was not within the Commonwealth of Massachusetts at the time of the commission of the crime as alleged in the aforesaid indictment.
Upon the return of the aforesaid writ and after a hearing duly held in the aforesaid Superior Court of the State of Rhode Island a determination was duly made that relator was detained unlawfully, that he had not been identified as the person who was accused of the crime in Massachusetts and that it had not been established that relator had been in Massachusetts on December 19, 1957, the date of the crime. The writ was accordingly sustained and relator released from custody.
A warrant of extradition dated December 16, 1958 was issued by the Governor of this State again at the request of the Governor of Massachusetts, directing the delivery of relator to the proper authorities of Massachusetts; one of the essential requirements to authorize the issuance of such a warrant of extradition is an allegation in the demand that the accused was in the demanding State at the time of the commission of the crime. (Code Crim. Pro., § 830.) It is relator’s contention that at the time of the issuance of the warrant of extradition it had been adjudicated by a court of competent jurisdiction i.e. the Superior Court of the State of Rhode Island that relator was not in the demanding State at the time of the commission of the crime and that the decree of such court must be given full faith and credit by other States. ‘ ‘ Whether the accused was in the demanding State when the crime was committed and whether he is a fugitive from justice were questions of fact before the Governor and are questions of fact here ”. (People ex rel. *333 Higley v. Millspaw, 281 N. Y. 441, 446. See, also, People ex rel. Johnson v. Ruthazer, 198 Misc. 1044, affd. 278 App. Div. 905.)
The questions of fact upon the present application have- been decided by the Superior Court of the State of Rhode Island with a final decree dated October 29, 1958 duly entered thereon that relator was not in the demanding State at the time of the commission of the crime. The Constitution of the United States (art. IV, § 1) requires that full faith and credit shall be given in each State to judicial proceedings of every other State. (Williams v. North Carolina, 325 U. S. 226; People ex rel. Bistany v. Brophy, 173 Misc. 572; 260 App. Div. 994, affd. 285 N. Y. 839.)
Accordingly the writ is sustained, the warrant of the Governor of the State of New York declared void and the relator discharged from custody.