## PEOPLE v HOUSEWRIGHT

Docket No. 77-2762. Submitted April 12, 1978, at Lansing.—Decided May 10, 1978.

Richard L. Housewright was convicted of possession of stolen mail and was sentenced to three years in the Milan Federal Correctional Institution by a judge of the U. S. District Court. At that time he was free on bond on a charge of larceny over $100 in the Washtenaw Circuit Court, William F. Ager, Jr., J. The Washtenaw County Prosecuting Attorney's office filed a detainer with the Milan Federal Correctional Institution. Defendant was then convicted on his plea of guilty of larceny over $100. Sentencing was postponed and defendant was returned to the Milan Federal Correctional Institution. Defendant moved to dismiss for having been returned to the Federal authorities prior to sentencing. The prosecutor then filed a second detainer with the Milan Federal Correctional Institution. Defendant's motion was denied. Defendant was then sentenced to 1-1/2 to 10 years to run concurrently with the Federal sentence. Defendant appeals. *Held:*

The statute requiring dismissal of any indictment, information or complaint contemplated by the interstate agreement on detainers in the event trial is not had prior to the prisoner's being returned to the original place of imprisonment requires only that the guilt determination phase be completed prior to defendant's return; it does not require that defendant be sentenced prior to return.

Affirmed.

Criminal Law—Detainers—Definitions—Trial—Statutes.

The word "trial" as used in a statute providing for dismissal of any indictment, information or complaint contemplated by the interstate agreement on detainers if trial is not had prior to the prisoner's being returned to the original place of imprisonment means only the guilt-determination portion of the pro-

References for Points in Headnote

31 Am Jur 2d, Extradition §§ 18, 72, 73.
75 Am Jur 2d, Trial § 1.

ceedings and does not include sentencing (MCL 780.601; MSA 4.147[1]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* Senior Assistant Prosecuting Attorney, for the people.

*Richard B. Ginsberg,* for defendant on appeal.

Before: DANHOF, C. J., and BRONSON and CYNAR, JJ.

PER CURIAM. On January 13, 1977, defendant was sentenced to a term of three years in prison at Milan Federal Correctional Institution on a charge of possession of stolen mail. On January 14, 1977, a letter was sent to the clerk of the Washtenaw County Circuit Court advising him of defendant's sentence and whereabouts. On January 24, 1977, the prosecutor filed a detainer with the Milan Federal Correctional Institution pursuant to Art IV(a) of the interstate detainer act, MCL 780.601; MSA 4.147(1). Trial was scheduled for January 31, 1977, but on that day defendant changed his plea to guilty. Sentencing was set for February 4, 1977, and defendant was returned to the Milan Federal Correctional Institution. The date set for sentencing was adjourned twice at the request of the probation department.

On February 10, 1977, defendant filed a motion to dismiss under Art IV(e) of the Interstate Agreement on Detainers for the reason that he had been returned to Milan Federal Correctional Institution prior to being sentenced. This motion was denied. An amended motion was filed and was also denied. Sentence was passed on March 18, 1977, and de-

fendant received a concurrent sentence of 1-1/2 to 10 years in prison. Defendant appeals as of right.

The issue on appeal is whether the word "trial" in the Interstate Agreement on Detainers includes the imposition of a sentence. This is a case of first impression. Art IV(e) of the agreement reads,

"If trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

The agreement used the word "trial" and the commissioners in using this word must have intended to convey its normal meaning. Normally, trial involves the determination of guilt and ends with that determination, *People v DeVine,* 271 Mich 635; 261 NW 101 (1935), 75 Am Jur 2d, Trial, § 3, p 122, 88 CJS, Trial, § 2, p 21, 42A Words & Phrases, Trial, Conclusion, p 171. In connection with the use of the word "trial", the statute says, "[i]f trial is not had * * * [the] indictment * * * shall not be of any further force or effect". The function of the indictment is to charge the accused and that function ceases with the determination of guilt.

In Michigan cases, outside of the Interstate Agreement on Detainers, the distinction between trial and sentencing is well established, see *People v Funk,* 321 Mich 617, 621; 33 NW2d 95 (1948), *People v DeVine, supra,* MCL 771.1; MSA 28.1131. Also, the goals behind the Interstate Agreement on Detainers supports this interpretation. The

main goal of the agreement is to remove the harmful uncertainties concerning the defendant's release that are caused by the filing of detainers concerning unprosecuted crimes. Although the imposition of a sentence can also create uncertainties as to the prisoner's future, the main concern of the agreement is with the uncertainty which results from unprosecuted charges. As the Court noted in *Buchanan v Department of Corrections,* 50 Mich App 1, 3–4; 212 NW2d 745 (1973),

"[t]he evil sought to be ended by the agreement on detainers is the oppressive delay in trial or hearing on matters concerning a prisoner already confined, and the corrosive effect on prisoner morale and the rehabilitative process in general arising from a myriad of *untried or unheard allegations* of other wrongdoing." (Emphasis supplied.)

The uncertainty caused by the delay in sentencing is minimal when compared with the uncertainty resulting from untried charges. Therefore, we hold that the word "trial" as used in MCL 780.601; MSA 4.147(1), refers to the determination of defendant's guilt and that the trial ends with that determination.

In any event, appellant did not suffer any prejudice by being returned to Milan before sentencing. There was no uncertainty as to the sentence in this case. The guilty plea was entered pursuant to a plea-bargain agreement by which defendant was to receive a sentence of 1-1/2 to 10 years in prison. This agreement was carried out and so defendant was already aware of his sentence when he was transferred back to Milan.

Affirmed.