OPINION OF THE COURT
Seymour Rotker, J.
The petitioner, in this writ of habeas corpus, alleges that he is being unlawfully detained and restrained of his liberty at the Queens House of Detention. He seeks dismissal of a detainer warrant lodged against him by the State of Florida.
The petitioner was arrested in Suffolk County on October 21, 1981. On January 8, 1982 a warrant was lodged with the Suffolk County institution from Dade County, Florida, charging petitioner with a violation of probation and burglary. The petitioner pleaded guilty to the Suffolk County indictment (No. 2759/81) and was sentenced on April 27, 1982 to one year in jail. He alleges that on that date he first became aware that a warrant had been lodged against him. That on April 27,1982, the petitioner wrote to the warden of the Suffolk County institution in an attempt to find out the status of the outstanding matter, and, in *635 fact, asked what his “next step should be.” That he never received a response to this inquiry.
The Uniform Agreement on Detainers (CPL art 580) provides that once a prisoner has given requisite notice to the demanding State, he shall be brought to trial in that State within 180 days of said notice unless a continuance is granted by the court. The failure to comply with the statutory guidelines requires that the out-of-State detainer warrant be dismissed. It is to be noted that this is the only relief which may be granted as the holding State has no jurisdictional basis to dismiss the underlying charges (Matter of Baker v Schubin, 72 Misc 2d 413).
The provisions of the interstate compact on detainers do not become applicable until the defendant commences service of a term of imprisonment (Matter of Cresong v Nevil, 51 AD2d 1096). The rationale for this rule is sound; it would be fruitless to transport a defendant with a pending matter in one State to answer charges in another State. The matter must be finalized in the holding State before a defendant will be transported to answer charges in any other demanding State.
The petitioner notified the authorities on April 27, 1982 that in effect he wished to resolve the Florida matter. Although the interstate compact requires strict compliance with its statutory provisions, this court holds that the letter of the petitioner on that date was tantamount to a “request for final disposition.” This request triggered the operational effect of the 180-day clock. Although the petitioner was entitled to have been notified at an earlier date that the warrant had been lodged against him (CPL 580.20, art III, subd [c]), this fact is of no significance as the petitioner had not yet been sentenced.
The period from April 27,1982 to June 17,1982, a period of 51 days, is chargeable towards the 180-day cutoff period and represents time in which the petitioner was incarcerated as a sentenced prisoner. The period from June 17, 1982 until October 12, 1982 is excludable as this represents time during which the defendant was incarcerated on the pending Queens matter. The defendant was sentenced on October 12, 1982 to time served. He was rearrested on *636 October 14, 1982 on the outstanding warrant. His writ of habeas corpus was served upon the court on this date. No further time is assessable in this matter other than the 51 days already indicated.
As the petition does not state facts sufficient to warrant habeas corpus relief, the writ of habeas corpus is dismissed.