■ In the Matter of DONALD BEAUCHENE, Appellant, v THOMAS COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Casey, J. Appeal from a judgment of the Supreme Court at Special Term (White, J.), entered June 14, 1985 in Washington County, which, in a proceeding pursuant to CPLR article 78, granted respondent Commissioner of Correctional Services motion to dismiss the petition for failure to state a cause of action.

Petitioner, a prisoner in a New York correctional facility serving 8⅓ to 25 years for rape, sodomy and assault, seeks dismissal of a detainer warrant based on a criminal complaint from Maine lodged against him on or about August 3, 1980. The Maine warrant charged petitioner with escape in 1978 from Augusta Mental Health Institute, where he had been committed in 1970 following a jury verdict that found him not guilty of murder by reason of temporary insanity. When the warrant was lodged, petitioner filed a form provided by the Department of Correctional Services in which he indicated his intention to contest extradition.

Petitioner contends here, as he did at Special Term, that the detainer warrant is illegal since the underlying charge of murder was unfounded as a matter of law by the jury verdict and because of the failure of officials to take action on the warrant since its filing in 1980. Petitioner concedes that he failed to comply with the Agreement on Detainers (CPL 580.20) insofar as he did not request disposition of the Maine complaint in compliance with the Agreement on Detainers. For this reason, respondent Commissioner of Correctional Services moved to dismiss the petition on the ground that it failed to state a cause of action. Special Term agreed and granted the motion.

We affirm. Without petitioner's requisite request for disposition of the Maine complaint *(see,* CPL 580.20, art III, [a]), Special Term properly found no reason to dismiss the detainer warrant *(see, Matter of Amiger v Long,* 101 AD2d 616). As to

petitioner's claim that Maine does not have a conviction against him on which to base its warrant, this claim may not be tested in a New York court *(see, People ex rel. Albuequrque v Ward,* 116 Misc 2d 634, 635). The power of a New York court to dismiss detainers, if any such power exists under the agreement *(see, Carchman v Nash,* 473 US 716, —, 105 S Ct 3401, 3411), is limited to those cases in which the statutory guidelines of the agreement have been violated *(People ex rel. Albuequrque v Ward, supra).* In all other regards, New York lacks jurisdiction to dismiss the detainer and the judgment of Special Term should, therefore, be affirmed.

Judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.