■ In the Matter of J. C. McCRARY, Appellant, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Superintendent of the Green Haven Correctional Facility, denying the petitioner's request to expunge from his prison file a detainer lodged by the State of South Carolina, the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Dutchess County (Rosato, J.), dated February 26, 1987, as dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The petitioner, an inmate in a New York correctional facility, seeks dismissal of a detainer lodged against him by South Carolina authorities on July 29, 1985. The detainer is predicated upon a certified copy of an arrest warrant issued by a South Carolina Magistrate on March 6, 1970, together with a certified copy of the affidavit made before the Magistrate, charging the petitioner with the crime of escape. The petitioner contends that the use of the South Carolina warrant as a detainer is barred by the doctrine of res judicata because the warrant was the underlying predicate for a prior extradition proceeding in the New York City Criminal Court, which had been dismissed in 1971. "To support the plea of res adjudicata the burden was upon the [petitioner] to show that some issue had been heard and determined in his favor in the prior proceedings, of such a nature as to constitute an estoppel upon

a reinvestigation of the same question" *(In re White,* 45 F 237, 239; *see, e.g., People ex rel. Grant v Doherty,* 42 Misc 2d 239, *revd on other grounds* 21 AD2d 829; *cf., e.g., People ex rel. Chakouian v Hoy,* 17 Misc 2d 331; *see also, People ex rel. Hall v Casscles,* 51 AD2d 623). Upon reviewing the record on appeal, excluding exhibits that are dehors the record, we find that the petitioner has not met his burden of proof *(see, In re White, supra,* at 239). Nor does the detainer subject the petitioner to double jeopardy since it appears that there was nothing resembling a trial in the first extradition proceeding. "Indeed, an extradition proceeding * * * does not decide the question of guilt of the offense charged by the demanding State. Jeopardy never attached to the [petitioner]" *(People ex rel. Cook v Gavel,* 51 AD2d 641, 642; *see also, Bassing v Cady,* 208 US 386). Additionally, the record belies the petitioner's claim that the South Carolina arrest warrant was vacated during criminal proceedings pending in the Supreme Court, Bronx County, in October 1974. We note that the courts of this State lack jurisdiction to vacate the arrest warrant of another State or to dismiss the underlying charges *(see, People ex rel. Albuequrque v Ward,* 116 Misc 2d 634, 635; *Matter of Baker v Schubin,* 72 Misc 2d 413).

Lastly, the petitioner does not dispute the fact that he failed to comply with the "Agreement on Detainers" *(see,* CPL 580.20) by neglecting to request disposition of the South Carolina charge in compliance with the agreement. Without the petitioner's requisite request for disposition of the escape charge *(see,* CPL 580.20 art III [a]), the court properly found no reason to dismiss the detainer warrant *(see, Matter of Beauchene v Coughlin,* 122 AD2d 303). "The power of a New York court to dismiss detainers, if any such power exists under the agreement is limited to those cases in which the statutory guidelines of the agreement have been violated. In all other regards, New York lacks jurisdiction to dismiss the detainer" *(Matter of Beauchene v Coughlin, supra,* at 304). Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.