JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Following his plea of guilty to tampering with records in violation of R.C. 2913.42, the court sentenced Kenneth A. Lawrence (Kenneth) to a prison term of one year. The court imposed the sentence to run concurrent with Kenneth's federal case and the sentences in Case Nos. CR-371557 and CR-382621[1]. Kenneth appeals, pro se, contending that the trial court lacked jurisdiction to impose the sentence as a result of alleged violations of his rights to due process and speedy trial. Kenneth also appeals on the grounds of ineffective assistance of counsel. After reviewing the record and the applicable law, we affirm the trial court.
The record presented to us on appeal establishes that a Grand Jury indicted Kenneth on December 22, 1998 on five counts of tampering with records (R.C. 2913.42) and five counts of forgery (R.C. 2913.31). On December 21, 1999, Kenneth filed a motion to plead no contest. On February 10, 2000, Kenneth filed a waiver of extradition and motion for speedy trial. At that time, Kenneth advised that he was incarcerated in Mobile County Metro Jail in Alabama and had been since July 30, 1999.
On May 9, 2000, the U.S. Department of Justice, Federal Bureau of Prisons (DOJ) sent a certification to the State requesting final disposition on pending charges. The DOJ advised of Kenneth's imprisonment in the Federal Prison Camp in Pensacola, Florida for a term of thirty months. At that time, Kenneth had served only nine months and three days of that prison term.
Kenneth was arraigned on June 29, 2000 and pled not guilty. Kenneth filed a motion to suppress evidence on July 6, 2000. On two occasions, July 18, 2000 and July 26, 2000, the trial court granted continuances at Kenneth's request. On August 14, 2000, Kenneth pled guilty to tampering with records. He asserts the following three assignments for our review:
 I. COURT NO LONGER HAD AUTHORITY TO SENTENCE APPELLANT BECAUSE IT HAD LOST JURISDICTION OVER APPELLANT ONCE THE 180-DAY TIME LIMIT OF R.C. 2941.401 AND R.C. 2963.30, SPEEDY TRIAL, HAS EXPIRED.
 II. APPELLANT'S SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED BY COUNSEL'S LACK OF KNOWLEDGE OF THE LAW, AND FAILURE TO PROPERLY INVESTIGATE A POSSIBLE SPEEDY TRIAL VIOLATION, ONCE APPELLANT BROUGHT THIS POSSIBILITY TO COUNSEL'S ATTENTION.
 III. APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS, AS PROVIDED BY THE FIFTH, AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION, WAS VIOLATED.
As the first and third assignments of error are related, we will address them together. Kenneth contends that the trial court lacked jurisdiction to impose his sentence and his due process rights were thus violated because he was not brought to trial within the one-hundred-eighty-day time period set forth in R.C. sections 2941.401
and 2963.30. These assignments of error are without merit.
R.C. 2941.401 governs requests for trial on pending charges made by persons imprisoned within Ohio. Since Kenneth makes no contention, and there is no indication in the record that he was imprisoned within Ohio during any time relevant to his appeal, this statute is inapplicable.
R.C. 2963.30 essentially mirrors the provisions of R.C. 2941.401, but applies to prisoners held out of the state. State v. Brown (1992),84 Ohio App.3d 414, 422, 616 N.E.2d 1179. In pertinent part, the statute required Kenneth to provide written notice to the prosecutor and the appropriate court of the place of his imprisonment and his request for final disposition of the indictment. R.C. 2963.30, Article III(a). It further mandates that:
 [t]he request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prison is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.
Id. The statute further required Kenneth to give or send his written notice and request for final disposition to the warden, commissioner of corrections or other official having custody of him . R.C. 2963.30, Article III(b).
Although the one-hundred-eighty-day time period set forth in R.C. 2963.30
begins to run when the prisoner substantially complies with the requirements of the statute, substantial compliance does not occur until the prisoner delivers the appropriate notice or documentation requesting disposition to the prison officials where the prisoner is incarcerated. State v. Mourey(1992), 64 Ohio St.3d 482, 597 N.E.2d 101, paragraphs 1 and 2 of the syllabus.
While Kenneth's motion for speedy trial filed on February 10, 2000 indicated his confinement in Mobile County Metro Jail in Alabama, there is no indication that he made any effort to comply with the additional statutory requirements. The State received the certification from the DOJ requesting final disposition on May 9, 2000 and Kenneth entered his guilty plea and was sentenced on August 14, 2000. In between, Kenneth filed various motions and secured two continuances at his request. Continuances and motions filed by the defendant toll the statutory speedy trial time. State v. Howard (1992), 79 Ohio App.3d 705, 708,607 N.E.2d 1121, 1123. Accordingly, less than the statutory one-hundred-eighty days had elapsed from receipt of the certification and Kenneth's sentence.
Alternatively, a defendant waives his right to challenge a conviction on statutory speedy trial grounds by entering a plea of guilty. State v. Fox, 1992 Ohio App. LEXIS 5358 (Oct. 22, 1992), Cuyahoga App. No. 63100, unreported.
The first and third assignments of error are overruled.
In his second assignment of error, Kenneth asserts ineffective assistance of counsel arising out of the matters addressed above. The record does not support a finding of ineffective assistance of counsel. Further, the same factors that bar the first and third assignments of error preclude Kenneth's ability to establish the elements that are necessary to prove ineffective assistance of counsel. Strickland v. Washington (1984), 466 U.S. 668. This assignment of error is therefore overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and JAMES D. SWEENEY, J., CONCUR.
[1] The appeal in Case No. 78749 was dismissed pursuant to App.R. 4(A) on November 20, 2000.