[Cite as *State v. Hammed*, 2012-Ohio-1357.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97282**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## MUSTAFA S. HAMMED

DEFENDANT-APPELLEE

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-549889

**BEFORE:** Rocco, J., Blackmon, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** March 29, 2012

-i-

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

BY:   Andrew Rogalski
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

**ATTORNEY FOR APPELLEE**

Joseph B. Rose, III
Law Office of Joseph B. Rose
75 Public Square
Suite 800
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶1} Plaintiff-appellant the state of Ohio appeals from the trial court order that dismissed the indictment brought against defendant-appellee Mustafa Hammed.

{¶2} The state presents a single assignment of error, claiming that the trial court improperly determined the indictment should be dismissed because the state violated Ohio's "speedy trial" statutes.

{¶3} Upon a review of the App.R. 9(A) record, this court finds the trial court's decision was correct. Consequently, the state's assignment of error is overruled. The trial court's order is affirmed.

{¶4} The state concedes the underlying facts of this case. The record demonstrates the indictment against Hammed was based on an incident that occurred in the city of Parma, Ohio on February 27, 2010.

{¶5} On that night, a Parma police officer stopped the vehicle Hammed drove for an "equipment violation," viz., illegal window tint. When the officer spoke to Hammed, Hammed appeared as if he might be impaired, and the officer noticed inside the vehicle on the front center console, in plain view, a plastic bag containing white and blue round tablets. Hammed admitted he had purchased the pills for personal use.

{¶6} The officer thereupon arrested Hammed and issued citations to him that charged him with violation of the state drug law, R.C. 2925.11, and violations of two Parma Codified Ordinances, viz., 620.03, drug possession, and 337.225, tinted windows. Hammed spent two days in the city jail.

{¶7} The pills confiscated from Hammed's vehicle were submitted to the state investigative laboratory for forensic analysis. The pills were found to be Percocet and Vicodin tablets, which are Schedule III drugs.

{¶8} On May 18, 2010, Hammed appeared in Parma Municipal Court. He entered into a plea agreement, whereby in exchange for his guilty plea to an amended municipal charge of possession of marijuana, the city dismissed the tinted window violation.

{¶9} On February 17, 2011, a felony warrant was issued for Hammed's arrest on the state drug law violation. The state acknowledges Hammed was arrested on May 4, 2011.

{¶10} On May 11, 2011, the Cuyahoga County Grand Jury issued the indictment in this case against Hammed, charging him based upon the February 27, 2010 incident with three counts of drug possession in violation of R.C. 2925.11.

{¶11} Hammed filed a motion to dismiss the indictment. He asserted the state failed to comply with R.C. 2945.71(C)(2); therefore, R.C. 2945.73(B) mandated dismissal of the indictment. Hammed attached evidentiary material to his motion and requested an oral hearing.

{¶12} After the state filed an opposition brief, the trial court conducted a hearing. At the conclusion of the hearing, the trial court issued an opinion and order that granted Hammed's motion.

{¶13} The state appeals from the trial court's dismissal of the indictment; the state presents the following assignment of error:

**"I.     The trial court erred by granting Defendant-Appellee's motion for discharge and dismissal for violation of Ohio's statutory speedy-trial law."**

{¶14} The state argues that, although Hammed was convicted in municipal court based on the February 27, 2010 incident, because he thereafter "faced no pending criminal charges and was neither held in jail nor released upon bail," the trial court improperly applied R.C. 2945.71(C)(2). The state contends the speedy trial time was "tolled" between the time Hammed resolved the municipal charges and the time he was arrested on the pending indictment in this case. The state's argument lacks merit.

{¶15} R.C. 2945.71 states in pertinent part:

(C) A person against whom a charge of felony is pending:
* * *
(2) Shall be brought to trial within two hundred seventy days after the person's arrest.
(D) A person against whom *one or more charges of different degrees, whether felonies, misdemeanors, or combinations of felonies and misdemeanors, all of which arose out of the same act or transaction, are pending shall be brought to trial on all of the charges within the time period required for the highest degree of offense charged*, as determined under divisions (A), (B), and (C) of this section. (Emphasis added.)

{¶16} When an appellate court reviews a statutory speedy trial question, it "should apply a de novo standard of review to the legal issues but afford great deference to any findings of fact made by the trial court." *State v. Jenkins*, 8th Dist. No. 95006, 2011-Ohio-837, ¶ 10, citing *State v. Barnes*, 8th Dist. No. 90847, 2008-Ohio-5472, ¶ 17. The state concedes that no factual issues exist in this case.

**{¶17}** Proceeding, therefore, to the legal analysis of the application of statutory speedy trial provisions to a case, this court noted as follows in *State v. Rutkowski*, 8th Dist. No. 86289, 2006-Ohio-108, ¶ 17-18:

> It is well established that the Ohio speedy trial statute constitutes a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or misdemeanor and *shall be strictly enforced* by the courts of this state. *State v. Pachay* (1980), 64 Ohio St.2d 218, 416 N.E.2d 589.
>
> Once the statutory limit has expired, the defendant has established a prima facie case for dismissal. *State v. Howard* (1992), 79 Ohio App.3d 705, 607 N.E.2d 1121. At that point, the burden shifts to the state to demonstrate that sufficient time was tolled pursuant to R.C. 2945.72. *State v. Geraldo* (1983), 13 Ohio App.3d 27, 468 N.E.2d 328.

(Emphasis added.)

**{¶18}** In its appellate brief, the state asserts that the "interval" between Hammed's plea and conviction in the municipal court case and his arrest on the instant felony indictment "tolled" the statutory speedy trial time. The state goes on at some length attempting to support its assertion by distinguishing the facts of this case from the facts in the cases that the trial court relied upon as the basis for its decision, i.e., *Rutkowski* and *State v. Baker*, 78 Ohio St.3d 108, 676 N.E.2d 883 (1997).

**{¶19}** The state is more persuasive in its effort, however, than it wants to be, because the record of this case demonstrates the state drug law violation with which Hammed was charged on February 27, 2010 was *never resolved* in the municipal court. Therefore, this charge remained "pending" for purposes of R.C. 2945.71.

**{¶20}** With respect to the state's argument, the following language in *Jenkins* at ¶ 23 applies:

[W]here the original charges were *dismissed without prejudice* and the defendant was *reindicted*, the time period between the dismissal without prejudice and the date on which the new indictment was filed is tolled and not counted in the speedy trial computation, unless the defendant remained in jail or was released on bail pursuant to Crim.R. 12(I). [*State v. Byrd*, 8th Dist. No. 91433, 2009-Ohio-3283] at ¶ 16, citing *State v. Azbell*, 112 Ohio St.3d 300, 2006-Ohio-6552, 859 N.E.2d 532. * * * The State is not subject to the speedy trial timetable of the initial indictment *when additional criminal charges arise from facts different from the original charges*, and the State did not know of these facts at the time of the initial indictment. *State v. Baker* (1997), 78 Ohio St.3d 108, 676 N.E.2d 883; *State v. Robertson*, Cuyahoga App. No. 94883, 2010-Ohio-6185. (Emphasis added.)

**{¶21}** It follows that, if the violation of state drug law charge against Hammed was neither dismissed, nor, indeed, resolved in any way, the charge remained pending. Because the state concedes that "[o]bviously more than 270 days elapsed since Defendant's initial arrest at the end of February, 2010" and the issuance of the indictment in this case, the state violated R.C. 2945.71(C) in filing that indictment. The trial court thus correctly dismissed it. R.C. 2945.73(B).

**{¶22}** Accordingly, the state's assignment of error is overruled.

**{¶23}** The trial court's order is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

PATRICIA ANN BLACKMON, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR