OPINION
Appellant Robert J. Lawless appeals his conviction in the Court of Common Pleas, Muskingum County, for having a firearm while under a disability (R.C. 2923.13(A)(3)). The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
On January 26, 1999, appellant was at his Norwich, Ohio, residence, assisting his mother with her tax paperwork. His half-brother, James Chappelear, who had been residing there for a couple of months, came home at about 9:30 PM that evening. An argument quickly developed between appellant and James, which grew to a physical altercation. At approximately 10:00 PM, Muskingum County Sheriff Deputies were notified to respond to a domestic disturbance at the address. Based upon their investigation, the responding officers concluded that appellant had retrieved a .22 caliber rifle during the altercation, although no shots were fired. Upon learning that appellant had a previous conviction for felony trafficking in marihuana in 1986, appellant was arrested for having a weapon while under a disability.
Following a lengthy pretrial period, during which appellant filed a number of pro se motions, a jury trial was conducted commencing August 10, 2000. Appellant was found guilty as charged on August 30, 2000. On October 19, 2000, the trial court placed appellant on community control for a period of two years.
Appellant timely appealed and herein raises the following fourteen Assignments of Error:
 "I. THE COURT ERRED BY ALLOWING A WARRANTLESS SEARCH FOR NO APPARENT REASON, SEIZURES OF ANOTHER PERSON'S PROPERTY WITHOUT A WARRANT WHICH THE COURT RETURNED ONE PIECE OF PROPERTY AND ACKNOWLEDGED THE WARRANTLESS SEARCH AND SEIZURE AND ALLOWED THE STATE TO MALICIOUSLY PROSECUTE THE DEFENDANT WITH THE OTHER THAT FALLS UNDER THE SAME CRITERION AS THE LAW GOVERNING ILLEGAL SEARCH AND SEIZURE AND ALLOWED THE STATE TO USE IT AS THEIR EVIDENCE IN CHIEF. VIOLATION OF II AND IV AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION UPHELD BY THE OHIO CONSTITUTION AND RECENTLY UPHELD BY THE FEDERAL SUPREME COURT IN THE EMERSON CASE.
 "II. THE COURT ERRED IN LAW, WHICH IS APPARENT ON THE FACE OF THE RECORD BY BEING OUT OF JURISDICTION BY KNOWING ALL ORIGINAL EVIDENCE HAD BEEN DESTROYED AND ALLOWING THE STATE TO CONTINUE TO PROSECUTE USING FALSE INSTRUMENTS WHICH VIOLATED DEFENDANT'S DUE PROCESS RIGHTS.
 "III. THE COURT ERRED IN LAW WITH INTENT THROUGH CONSPIRACY WITH THE STATE TO CREATE A MANIFEST INJUSTICE AGAINST DEFENDANT KNOWING THE FACTS THEN USING FALSE INSTRUMENTS, FABRICATION OF FALSE EVIDENCE PRESENTED TO THE JURY, AND MALICIOUSLY LIED WITH THE INTENT TO ENSLAVE AND WRONGFUL (SIC) CONVICT, ALL TO DENY THE DEFENDANT A FAIR TRIAL.
 "IV. THE COURT ERRED IN LAW, BY BEING BIASED AND PREJUDICED AGAINST DEFENDANT IN STATEMENTS MADE BY THE JUDGE TO THE COUNSEL OF RECORD FOR THE DEFENDANT.
 "V. THE COURT ERRED IN LAW BY THE VOIR DIRE OF THE JURY BY HAVING A POOL OF ONLY TWENTY-THREE TO SELECT TWELVE COURT PICKED JURORS WITH NO ALTERNATE AND OUT OF THAT TWELVE THREE WOMEN PERSONALLY NEW ONE OF THE STATE'S WITNESSES THAT WAS ON THE SCENE. ONE OF THE REMAINING NINE OWNED THE LOCAL BAR THAT THE SHERIFFS AND POLICE FREQUENT, ANOTHER HAD TWO BULLETS IN HIS BRAIN AND A MURDERED WIFE WHO SHOULD NOT BE ON A (SIC) ALLEGED GUN CASE. MR STOUT WHEN ASK (SIC) IF HE HAD RAISED HIS HAND SAID HE THOUGHT HE WAS WAIVING AT FLIES, AND WHEN CHALLENGED BY COUNSEL STATED COUNSEL WOULD HAVE TO PROVE DEFENDANT HONEST AND INNOCENT. VIOLATING ARTICLE VI OF THE BILL OF RIGHTS.
 "VI. THE COURT ERRED IN LAW BY NOT GRANTING DISMISSAL OF TRIAL COUNSEL OF RECORD RICHARD D. WELCH, FOR INEFFECTIVE ASSISTANCE OF COUNSEL UNDER FARETTA V CALIFORNIA AFTER HE HAD DISMISSED THE PUBLIC DEFENDER, DAVID HANSON UNDER THE SAME STATUTE WHEN HE STARTED TO ARGUE MOTIONS ABOUT TAPE ANALYZES AND EXCULPATORY EVIDENCE WHICH VIOLATED DEFENDANT'S DUE PROCESS RIGHTS, RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL (MANIFEST INJUSTICE).
 "VII. THE COURT ERRED IN LAW BY NOT GRANTING ANY OF THE THREE MISTRIALS REQUESTED BY COUNSEL. THE ONE OVER THE JUROR (STOUT). TWO OTHERS OVER INCIDENTS IN THE TRIAL, MOTION IN LEMINE(SIC)/FINDING OF FACTS AND CONCLUSIONS OF LAW WHICH HAS NEVER BEEN ANSWERED AND BY DISREGARDING THE SPEEDY TRIAL LAW.
 "VIII. THE COURT ERRED IN LAW WITH TRIAL JUDGE HOOPER IN COUNTY COURT ON ARRAIGNMENT OF FIRST ARREST CHARGES, 1/28/99. JUDGE HOOPER STATED ON THE RECORD THAT DEFENDANT WAS UNDER THIS DISABILITY THAT LED TO DEFENDANT'S ARREST 1/26/99 BECAUSE HE HAD PLED GUILTY TO POSSESSION OF MARIJUANA IN 1986 (WHICH IS NOT A FELONY), SO HOW WAS DEFENDANT UNDER A DISABILITY FOR A $115.00 FINE WITH NO CRIMINAL RECORD SINCE THAT TIME IN 1986. ALSO COURT (SIC) VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHTS BY MEDICAL NEGLECT WHEN BROUGHT TO THEIR ATTENTION ON THE RECORD WITH RECITED WRITTEN GRIEVANCES ADDRESSED TO JAIL ADMINISTRATOR AND WAS RETURNED TO CELL. VIOLATION OF EIGHTH AND FOURTEENTH AMENDMENTS BY DELIBERATE INDIFFERENCE TO DEFENDANT'S SERIOUS MEDICAL NEEDS.
 "IX. THE COURT ERRED BY FUNDAMENTAL ERROR WHEN THE PROSECUTOR WITHHELD FROM THE JURORS THE BREAKING AND ENTERING AND MALICIOUS ASSAULT CHARGES ON FILE AGAINST THE ASSAILANT OF THE DEFENDANT THAT WAS ON FILE FROM 2/2/99 AND A SECOND FORMAL COMPLAINT FILED ON 1/26/2000 NEITHER COMPLAINT WAS EVER INVESTIGATED AND THE FIRST WAS NOT PRODUCED UNTIL AFTER THE TRIAL. WHICH DENIED THE DEFENDANT EQUAL PROTECTION OF THE LAWS.
 "X. THE COURT ERRED BY FUNDAMENTAL ERROR WHEN THEY STATED IN THE MOTION HEARING SEPTEMBER 28, 1999 GRANTING DEFENDANT, PRO S.E. THE RIGHT TO REVIEW ALL ORIGINAL EVIDENCE REQUESTED SINCE FEBRUARY 17, 1999 BY COUNSEL OF RECORD AT THAT TIME. THE COURT THEN BECAME AWARE THAT ALL ORIGINAL EVIDENCE HAD BEEN DESTROYED BY THE STATE, THE JUDGE STILL STATED ON THE RECORD THAT DEFENDANT HAS THE RIGHT TO THE ORIGINAL EVIDENCE. ALSO UPON STATEMENT OF THE STATE THAT THE EVIDENCE HAD BEEN DESTROYED DEFENDANT ARGUED FOR DISMISSAL AT THAT TIME. THE JUDGE REFUSED TO GRANT DISMISSAL. DENYING DEFENDANT'S DUE PROCESS RIGHTS UPHELD BY THE OHIO CONSTITUTION.
 "XI. THE COURT ERRED BY FUNDAMENTAL ERROR BY ALLOWING THE PROSECUTOR TO WITHHOLD SEVERAL DOCUMENTS OF EXCULPATORY EVIDENCE AND ALLOWING THE PROSECUTOR TO INTRODUCE KNOWINGLY FALSE INSTRUMENTS OF THE 911 TRANSCRIPT (NO CERTIFICATION), THE FIRST FORMAL COMPLAINT OF ASSAULTS, BREAKING AN (SIC) ENTERING WITH INTENT TO DO BODILY HARM AFTER ASSAILANT KNEW AN AMBULANCE HAD BEEN CALLED AFTER THE FIRST ATTACK AND ASSAULT WITH INTENT AND FORE THOUGHT (SIC) BROKE INTO DEFENDANT'S RESIDENCE AND ATTACKED THE DEFENDANT AGAIN, THIS TIME IN THE PRESENCE OF THE DEPUTIES, TWO OF WHICH WERE ALREADY ON THE SCENE. UNEQUAL PROTECTION UNDER THE LAW AND COMPLICITY TO A FELONY.
 "XII. THE COURT ERRED BY FUNDAMENTAL ERROR BY WITHHOLDING ALL THE DEFENDANT'S EVIDENCE (FOURTEEN OR MORE) FROM JURY DELIBERATION AND NOTHING IN THE DEFENDANT'S COUNSEL OF RECORDS NOTES OR ARGUMENTS IN OPEN COURT IN TRIAL PROCEEDINGS ELIMINATED ANY OF DEFENDANT'S EVIDENCE. A VIOLATION OF ARTICLES V, VIII, AND XIII OF THE BILL OF RIGHTS. MANIFEST INJUSTICE.
 "XIII. THE COURT ERRED BY FUNDAMENTAL ERROR BY ALLOWING FALSE INSTRUMENT TO BE USED AGAINST DEFENDANT (911 CALL) CALL WAS FOR AN AMBULANCE PLACED BY DEFENDANT AFTER FIRST ATTACK AND ASSAILANT HAD LEFT THE RESIDENCE. THERE WAS NO CALL BY DEFENDANT FOR A SHERIFF ONLY CALL TO BE FOUND TO THE SHERIFF WAS FROM MUSKINGUM COUNTY FIRE AND RESCUE (NEW CONCORD) THIS WAS APPROXIMATELY EIGHT MINUTES AFTER THE CALL FOR AMBULANCE WAS PLACED BY DEFENDANT.
 "XIV. ERROR OF INEFFECTIVE ASSISTANCE OF COUNSEL BY CONSPIRING WITH THE COURT AND THE STATE (FRAUD AND THEFT BY DECEPTION BY APPLYING FOR EXTRAORDINARY FEES AND DID NOTHING AS A LICENSED SKILLED ATTORNEY):
 "1. BY ALLEVIATING THE ONLY EYEWITNESS'S TESTIMONY IN TRIAL WHEN SHE CONFIRMED TO HIM THE GUN OWNERSHIP, WHAT THE DEPUTIES HAD DONE, COMING IN UNINVITED WITHOUT A WARRANT, THAT AN AMBULANCE, NOT THE SHERIFF HAD BEEN CALLED. THE ORDERING THE DEFENDANT TO PICK UP THE GUN THEY FOUND AFTER A SEARCH OF THE ROOM AGAIN WITHOUT A WARRANT AND NO PROBABLE CAUSE.
 "2. BY NOT HAVING THE 911 TAPE ANALYZED WHEN TOLD IT WAS AN ALTERED VERSION BEEN (SIC) SHOWN THE FIRST TWO LINES OF THE UNCERTIFIED TRANSCRIPT WHICH STATE 911 YOUR EMERGENCY FOLLOWED BY YELLING AND SCREAMING IN THE BACKGROUND THROUGHOUT TO CONVERSATION WITH LAWLESS. SHOWING SOMETHING BEFORE HAD BEEN ALLEVIATED.
 "3. BY NOT HAVING THE HEAD OF AMERITECH PAUL EMCH WRITE OR TESTIFY AS TO AMERITECH EQUIPMENT IN PLACE IN THE SHERIFF'S DISPATCH ROOM WHERE 911 CALLS ARE RECEIVED AS TO THE USE OF THE ICONS HEART, FLAME, BADGE, AND STAR THAT WHEN STRUCK DESIGNATE WHAT THE CALL WAS FOR.
 "4. BY NOT CHECKING INTO THE CALL OFF OF THE AMBULANCE AND INSERTIONS OF THE FALSE DRESDEN OHIO CALL OFF. HOW COULD THIS BE IN THE SAME TAPE 911 CALL FOR AN AMBULANCE BY ROBERT LAWLESS WHEN THERE IS NO CALL FOR AN AMBULANCE FOR DRESDEN.
 "5. BY NOT CONTACTING REDFORD MICHIGAN TO SEE THAT THE CALL WAS FOR AND (SIC) AMBULANCE AND THE DOUBLE HIT THAT WAS TESTIFIED TO BY KIM HAMBEL WAS ACTUALLY THE NEW CONCORD FIRE AND RESCUE CALLING THE SHERIFF.
 "6. BY NOT CHECKING THE BACKGROUND OF THE ASSAILANT OR THE MALICIOUS ASSAULT CHARGES FILED AGAINST ASSAILANT IN THE PROSECUTOR'S POSSESSION. ALSO MY NOT CONTACTING WITNESSES FOR THE DEFENDANT WHICH HE WAS FULLY AWARE OF AND WHAT THEY HAD TO TESTIFY AND STATEMENTS OF FACTS THEY KNEW.
 "7. BY NOT USING THE FEDERAL DEPOSITIONS TO IMPEACH THE FALSE STATEMENTS OF THE OFFICERS INVOLVED OR USE THEIR STATEMENTS IN THE MOTION HEARINGS PRETRIAL AND THEIR SUPPLEMENTAL REPORTS TO IMPEACH WHAT THEY WERE TESTIFYING TO IN THE TRIAL.
 "8. BY NOT MOTIONING THE TRIAL JUDGE TO RECUSE HIMSELF FOR GOING HIGHER IF HE WOULD NOT AFTER HEARING HIS BIAS STATEMENTS.
 "9. BY LETTING FALSE INSTRUMENTS BE USE (SIC) AND TESTIFIED TO BY THE STATE WHICH HAVE BEEN PROVEN FALSE. USING A SHAM LEGAL PROCESS TO MALICIOUSLY PROSECUTE AND PUTTING FALSE EVIDENCE AND HAVING STATES'S (SIC) WITNESS KNOWINGLY LIE UNDER OATH TO OBTAIN A CONVICTION WHICH CREATED A MANIFEST INJUSTICE AND VIOLATED AGAIN DEFENDANT'S DUE PROCESS RIGHTS UNDER THE 14TH AMENDMENT.
 "10. BY NOT PRESSING THE ISSUE OF MISTRIALS ON THE RECORD AND WITH PROPER ARGUMENT LETTING THE JUDGE PROCEED WITH TRIAL WHEN FINDINGS OF FACTS AND CONCLUSIONS OF LAW WERE NEVER ANSWERED BY JUDGE AND ATTORNEY WELCH REPRESENTED UP THROUGH SENTENCING.
 "11. BY COUNSEL OF RECORD INTENTIONALLY TRYING TO HAVE THE DEFENDANT'S COMPETENCY BROUGHT INTO QUESTION TO TRY TO COVER UP NOT CALLING DOLORES CHAPPELEAR ON THE STAND TO CONFIRM EVIDENCE OF DEFENDANT WHICH SHE HAD CONFIRMED TO HIM TO BE TRUE BEFORE TRIAL. DOLORES CHAPPELEAR WAS SUBPOENAED BY ATTORNEY WELCH TO TESTIFY AT TRIAL BUT HE REFUSED TO PUT HER ON THE STAND WHICH CREATED A MANIFEST INJUSTICE ON DEFENDANT WHICH PERMITTED THE PROSECUTOR AND JUDGE TO REMOVE ALL EVIDENCE OF DEFENDANT SO NO DEFENDANT'S EVIDENCE WENT BEFORE THE JURY ONLY FALSE INSTRUMENTS OF THE STATE.
 "12. COUNSEL OF RECORD ERRED BY INTRODUCING INTO THE RECORD FALSE MEDICAL INFORMATION OBTAINED WITHOUT AUTHORIZED MEDICAL RELEASE TO TRY AND CONCEAL THE SHAM LEGAL PROCESS (ALTHOUGH THE MOTION WAS OVER RULED (SIC) ON THE RECORD THE ILLEGAL ACT WAS STILL DONE) AND ENFORCES THE FACT THAT COUNSEL OF RECORD WAS CONSPIRING WITH THE STATE IN THIS PROSECUTION. WHICH IS A CLEAR VIOLATION OF TITLE 18 U.S.C.A, AND COMPLICITY TO A FELONY."
Appellant, with prior leave of this Court, makes the additional additions to the above Assignments of Error:
 ADDITION TO ASSIGNMENT OF ERROR IV "(B) THE TRIAL COURT ERRED IN THE JURY INSTRUCTIONS TO BE GIVEN ON THE SUBSTANTIVE ISSUES IN THIS CASE. (SELF DEFENSE)"
 "(C) THE TRIAL COURT JUDGE ERRED BY NOT VOLUNTARILY RECUSING HIMSELF FROM THIS CASE AFTER EXPRESSING PREJUDICE AND BIAS AGAINST DEFENDANT IN RULINGS ON MOTION HEARING THROUGHOUT PRETRIAL EVIDENTIARY RULING WHICH DENIED DUE PROCESS RIGHTS TO DEFENDANT."
 ADDITION TO ASSIGNMENT OF ERROR II "TRIAL COURT ERRED AFTER GRANTING DEFENDANT'S MOTION TO BE GRANTED RIGHT TO REVIEW ALL ORIGINAL EVIDENCE REQUESTED SINCE FEBRUARY 17, 1999 AND THEN NOT GRANTING DEFENDANT'S MOTION TO DISMISS WHEN THE PROSECUTOR MADE THE COURT AWARE THAT THE STATE HAD DESTROYED ALL ORIGINAL EVIDENCE, THE JUDGE STATED DEFENDANT HAD THE RIGHT TO REVIEW ALL ORIGINAL EVIDENCE!"
 ADDITION TO ASSIGNMENT OF ERROR XIV "RECORDS WERE WITHIN THE CAPACITY OF COUNSEL OF RECORD FROM THE DRESDEN SQUAD TO PROVE THE STATE HAD FALSIFIED RECORDS IN TRIAL AND LIED UNDER OATH AND CONSPIRED WITH OTHER STATES' WITNESSES USING A SHAM LEGAL PROCESS KNOWN BY THE TRIAL COURT JUDGE."
 "ERRED BY NOT PUTTING THE PROSECUTOR UNDER OATH WHEN HE KNEW THE PROSECUTOR WAS LYING ABOUT WITH HOLDING (SIC) EXCULPATORY EVIDENCE IN THE DEFENDANT'S FAVOR."
 "COUNSEL FOR DEFENDANT PUT IN SEVERAL MOTIONS FOR TESTS TO BE CONDUCTED ON EVIDENCE BY THE STATE BUT DID NO TEST ON ANY SUCH EVIDENCE, HAD NO EXPERT WITNESSES TO TESTIFY WHICH WOULD HAVE PROVEN TAMPERING OF EVIDENCE BY THE STATE WHICH WAS EVIDENT BY THE PERJURY OF STATES' WITNESSES OBTAINED THROUGH FEDERAL DEPOSITIONS WHICH WERE IN COUNSEL'S POSSESSION BEFORE TRIAL."
 I
In his First Assignment of Error, appellant argues that the seizure of the .22 caliber rifle by sheriff's deputies was illegal absent a warrant, and evidence thereof should have been excluded by the trial court. We disagree.
Our task is to determine whether the trial court incorrectly decided the ultimate or final issue raised in appellant's motion to suppress. See, e.g., State v. Curry (1994), 95 Ohio App.3d 93, 96. In State v.Akron Airport Post 8975 (1985), 19 Ohio St.3d 49, 482 N.E.2d 606, the Ohio Supreme Court set forth the following judicially recognized exceptions to the search warrant requirement: (1) a search incident to a lawful arrest; (2) consent thereby signifying a waiver of constitutional rights; (3) the stop and frisk doctrine; (4) hot pursuit; (5) probable cause to search and the presence of exigent circumstances; and (6) the plain view doctrine. Id. at 51, 482 N.E.2d 606. The burden is upon the state to overcome the presumption that warrantless searches of homes are per se unreasonable by demonstrating that the search fell within one of these well recognized exceptions to the warrant requirement. State v.Kessler (1978), 53 Ohio St.2d 204, 207, 373 N.E.2d 1252.A review of the transcript of the suppression hearing, wherein two of the responding deputies testified, leads us to conclude that the initial entrance into the residence was based on appellant's consent, and that the subsequent discovery of the rifle falls under the plain view exception.
The trial court did err in refusing to exclude the weapon evidence obtained by the deputies. See, e.g., State v. Halczyszak (1986),25 Ohio St.3d 301, 496 N.E.2d 925. Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant argues his due process rights were violated by the alleged destruction and/or alteration of evidence. We disagree.
This Court has consistently held that the burden of proof is on the defendant to show the exculpatory nature of destroyed evidence. SeeState v. Birkhold, Licking App. No. 01CA104, 2002 WL 727154; State v.Hill Stark App. No. 1998CA00083, 1999 WL 174921; State v. Blackshear
Stark App. No. CA-7638 1989 WL 66650. The state's failure to preserve potentially useful evidence violates a defendant's due process rights only when the police or prosecution act in bad faith. State v. Lewis (1990),70 Ohio App.3d 624, 634, 591 N.E.2d 854. The term "bad faith" generally implies something more than bad judgment or negligence. "It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another." Hoskins v. Aetna Life Ins. Co. (1983), 6 Ohio St.3d 272, 276,452 N.E.2d 1315 (Citation omitted).
Appellant focuses on the purported "911" tape of a phone call made during the January 26, 1999 incident. However, appellant herein fails to demonstrate bad faith on the part of the police or prosecution. Moreover, some of his argument is based on documents which were not made a part of the trial court record. Our review on appeal is limited to those materials in the record which were before the trial court. SeeState v. Ishmail (1978), 54 Ohio St.2d 402, 377 N.E.2d 500. Appellant's Second Assignment of Error is overruled.
 III
In his Third Assignment of Error, appellant argues that the trial court conspired with the state to deny appellant a fair trial. We disagree.
Appellant refers in general terms to "false instruments" and fabricated evidence allegedly utilized against him in trial. Appellant's one-sentence argument does not indicate at what point in the record, if any, such purported evidence was brought forward. We find appellant thereby "has not contradicted the presumption of regularity accorded all judicial proceedings." See State v. Robb (2000), 88 Ohio St.3d 59, 87,723 N.E.2d 1019, quoting State v. Hawkins (1996), 74 Ohio St.3d 530,531, 660 N.E.2d 454.
Appellant's Third Assignment of Error is overruled.
 IV
In his Fourth Assignment of Error, appellant alleges the trial court judge acted in a biased and prejudiced manner, and argues that the trial court erred in issuing jury instructions regarding the defense of self defense.
In cases in the courts of common pleas, the Chief Justice of the Supreme Court of Ohio has exclusive jurisdiction to determine a claim that a trial judge is biased or prejudiced. Jones v. Billingham (1995),105 Ohio App.3d 8, 11. Common pleas litigants must bring any challenge to the trial judge's objectivity by way of the procedure set forth in R.C. 2701.03. See In re Baby Boy Eddy (Dec. 6, 1999), Fairfield App. No. 99CA22, unreported. Since only the Chief Justice or his designee may hear a disqualification matter, a court of appeals is without authority to void the judgment of a trial court because of bias or prejudice of the judge. Beer v. Griffith (1978), 54 Ohio St.2d 440, 441-42. Appellant has provided us with no indication that he pursued a proper recusal request per R.C. 2701.03. We are therefore without jurisdiction to review appellant's arguments in this regard.
In regard to the issue of jury instructions, appellant fails to provide reasons in support of his specific contentions, as required by App.R. 16(A)(7). See our response to appellant's Tenth and Eleventh Assignments of Error, infra.
Appellant's Fourth Assignment of Error is overruled.
 V
In his Fifth Assignment of Error, appellant challenges the trial court's selection of a jury which included persons who each knew or were acquainted with at least one of the state's witnesses or pertinent law enforcement officers, and one person whose spouse had been a murder victim.
The appropriate standard of review for juror selection is that "the selection and qualification of jurors are largely under the control of the trial court and, unless an abuse of discretion is clearly shown with respect to rulings thereon, they will not constitute ground for reversal." State v. Trummer (1996), 114 Ohio App.3d 456, 461, citing Berkv. Matthews (1990), 53 Ohio St.3d 161. A juror "* * * ought not to suffer a challenge for cause when the court is satisfied from an examination of the prospective juror or from other evidence that the prospective juror will render an impartial verdict according to the law and the evidence submitted to the jury at the trial." State v. Duerr
(1982), 8 Ohio App.3d 404, paragraph two of the syllabus.
We have reviewed the voir dire portions of the trial transcript, especially those pertaining to Juror Stout, whose wife had been murdered sixteen years previously. Although appellant alleges that Stout did not espouse a viewpoint of presumption of innocence, the transcript reveals the following exchange:
 "Mr. Welch: Well, are you expecting Mr. Lawless to come forward and prove his honesty and his innocence to you?"
"Mr. Stout: No."
 "Mr. Welch: That's what I understood that you were saying."
"Mr. Stout: No."
"Mr. Welch: You are expecting me to present —"
"Mr. Stout: That's your job."
 "Mr. Welch: You are expecting me to prove his innocence?"
"Mr. Stout: Convince me that he isn't, yes.
"Mr. Welch: And convince you he's honest?"
"Mr. Stout: And that he's innocent."
 "Mr. Welch: Your Honor, I would ask that Mr. Stout be excused for cause.
 "The Court: Mr. Stout, if the Court instructs you that the burden is on the State of Ohio to prove the guilt, guilt beyond a reasonable doubt — in other words, he can just sit and he can say not one word. Will you accept that law? Even if you may not like it, would you accept it because I told you?"
"Mr. Stout: Yes."
 "The Court: All right. Now, can you hear the evidence in this case, and the law that the Court will give you to apply to that evidence, and come up with a fair and just verdict, whether it's guilty or not guilty?"
"Mr. Stout: Yes."
"The Court: All right."
 "Mr. Welch: Mr. Stout, is there any reason you feel like — — given what the judge has just said — but is there any other reason you feel you cannot serve as a good juror in this case —"
"Mr. Stout: No."
 "Mr. Welch: Thank you. Pass — well, I challenge for cause, but the Court's —" "The Court:Overruled."
Tr. at 126-128.
Based on our review of the record and the examinations of the jurors therein, we find no abuse of discretion in the impaneling of the jury by the trial court. Appellant's Fifth Assignment of Error is overruled.
 VI, XIV
In his Sixth and Fourteenth Assignments of Error, appellant contends he was denied the effective assistance of trial counsel. We disagree.
A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668;State v. Bradley (1989), 42 Ohio St.3d 136. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id. In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." Statev. Carter (1995), 72 Ohio St.3d 545, 558, citing Lockhart v. Fretwell
(1993), 506 U.S. 364.
Appellant's specific contentions are above recited in the text of his Fourteenth Assignment of Error. Several points, such as the allegation that trial counsel failed to seek recusal of the trial judge and failed to keep out of evidence "false instruments," are addressed in other portions of this opinion and will not be herein re-analyzed. In several instances, appellant contends that other evidence or witnesses should have been provided, such as the "head" of Ameritech to testify concerning 911 procedures. However, such an argument speculates as to evidence dehors the record, and therefore is not properly raised in a direct appeal. See State v. Cooperrider (1983), 4 Ohio St.3d 226, 228. As to the remainder of appellant's contentions, upon full review of the record, we do not conclude that trial counsel failed to meet an objective standard of reasonable representation which resulted in prejudice to defendant. Strickland, supra. A defendant is not denied effective assistance of counsel when defense counsel chooses, for strategic reasons, not to pursue every possible trial tactic. State v. Mannos, Stark App. No. 2000CA00256, 2001 WL 326872, citing State v. Brown
(1988), 38 Ohio St.3d 305, 319, certiorari denied (1989), 489 U.S. 1040.
Appellant's Sixth and Fourteenth Assignments of Error are overruled.
 VII
In his Seventh Assignment of Error, appellant contends that mistrials were warranted due to various incidents at trial. We disagree.
Appellant first revisits his arguments concerning the presence of Juror Stout on the jury panel. As per our conclusions in appellant's Fourth Assignment of Error, we find no merit in appellant's contention.
Appellant secondly argues that a mistrial should have been granted based on the alleged insufficiency of the trial court's handling of a motion in limine. Although as a general rule it would be error for a trial court not to rule on a valid pre-trial motions prior to trial, such error would be harmless unless it adversely affected the substantial rights of appellant. See State v. Tolbert (1990), 70 Ohio App.3d 372,591 N.E.2d 325. Appellant herein has provided no support for the proposition that his substantial rights were thereby adversely affected.
Finally, appellant charges that his speedy trial rights were violated. The state responds that appellant filed a total of five continuances and a total of thirty-eight motions, requests, and jurisdictional pleadings. The state further asserts that it neither requested nor caused any continuances in the proceedings below. Generally, continuances granted at a defendant's request toll the speedy trial time under R.C. 2945.72(H).State v. Howard (1992), 79 Ohio App.3d 705, 708, 607 N.E.2d 1121. We find no basis for a speedy trial violation under the facts and circumstances presented in this case.
Appellant's Seventh Assignment of Error is overruled.
 VIII, IX
In his Eighth and Night Assignments of Error, appellant combines several contentions, including claims that he was denied medical attention while in jail and that evidence was withheld of alleged prior criminal charges against James Chappelear. As these arguments either fail to demonstrate prejudice to the appellant or are based on material outside the record, we will not herein address them. See App.R. 12(D);Ishmail, supra.
Appellant further apparently argues that his 1986 drug conviction, from which his R.C. 2923.13(A)(3) disability stems, was obtained in violation of his constitutional rights and without his full awareness of the consequences. However, we note that a defendant's actual knowledge of a disability to have a weapon is not an essential element of the offense under R.C. 2923.13(A)(3). See State v. Smith (1987), 39 Ohio App.3d 24,528 N.E.2d 1292. We thus find appellant's argument in this regard to be without merit.
Appellant's Eighth and Ninth Assignments of Error are overruled.
 X, XI
In his Tenth and Eleventh Assignments of Error, apparently again raises constitutional claims regarding the handling and/or presentation of certain evidence by the state. Pursuant to App.R. 16(A)(7), an appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions * * *." (Emphasis added.) Appellant's scant argument and incorrect reference to the Federal Rules of Civil Procedure and United States Code cause us to find at this point a lack of compliance with the appellate rules. This Court is cognizant that appellant is proceeding pro se; however, "[w]hile insuring that pro se appellants * * * are afforded the same protections and rights prescribed in the appellate rules, we likewise hold them to the obligations contained therein." State v. Wayt (Mar. 20, 1991), Tuscarawas App. No. 90AP070045, 1991 WL 43005. Appellant's Tenth and Eleventh Assignments of Error are overruled.
 XIII
In his Thirteenth Assignment of Error,[1] appellant argues that written records concerning his "911" call were falsified. In support, he has attached various affidavits and statements, some of which were not introduced at trial. Our review on appeal is limited to those materials in the record which were before the trial court. See Ishmail, supra. However, in regard to the remainder, a trial court is given broad discretion in determining the admissibility of evidence. State v. Sage
(1987), 31 Ohio St.3d 173, 510 N.E.2d 343. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140. We are unable to conclude that the trial court abused its discretion in the utilization of the "911" evidence under the facts and circumstances of this case.
Appellant's Thirteen Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.
topic: weapon under disability/challenge of juror for cause.
By: WISE, J. HOFFMAN, P.J., and GWIN, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
Costs to appellant.
[1] Appellant's brief skips a Twelfth Assignment of Error.